HOWARD GAULT AND SON,
INC., Appellant,

v.

FIRST NATIONAL BANK OF HERE-
FORD, Texas and Pitman Grain
Company, Appellees.

No. 8686.

Court of Civil Appeals of Texas,
Amarillo.

Aug. 30, 1976.

Rehearing Denied Sept. 27, 1976.

Jack Hazlewood, Amarillo, for appellant.

Witherspoon, Aikin, Langley, Woods & Gulley, D. Wesley Gulley, Andrew J. Shuval, Hereford, for appellees.

ROBINSON, Justice.

Defendant Pitman Grain Company is the maker of a check payable to "Thomas & Gault" drawn on its account in the Defendant First National Bank of Hereford, Texas. The defendant bank accepted the check and deposited it to the account of T. B. Thomas, Jr. upon its presentment with the endorsement

"Thomas & Gault
T. B. Thomas, Jr."

Plaintiff, Howard Gault and Son, Inc., sued the bank for conversion of the check and, in the alternative, sued Pitman on the debt for which the check was given. A cause of action alleged by plaintiff corporation against Thomas was severed by the trial court. The trial court rendered judgment, on an instructed verdict, for Pitman and, on a jury verdict refusing to find that the bank acted in bad faith or that Thomas was indebted to plaintiff, for the bank. Plaintiff appeals. Affirmed.

Plaintiff alleges that it is a payee on the check and that the endorsement of the check by Thomas was ineffective to authorize payment by the bank.

The evidence shows without dispute that the "Gault" of "Thomas & Gault" is Howard Gault and Son, Inc. The check in question was given by Pitman in payment for milo delivered to Pitman elevators from the farming operation of T. B. Thomas, Jr. and Howard Gault and Son, Inc. The question, then, is whether the endorsement by Thomas was sufficient to authorize the bank to deposit the check to his account.

■ If plaintiff corporation and Thomas were partners in the farming operation, the bank was authorized to pay the check on Thomas' endorsement. Art. 6132b, Sec. 9(1) Vernon's Ann.Civ.St. The burden of proving partnership is on the parties asserting it, in this case, the bank and Pitman. *First National Bank of Brownwood v. Chambers,* 398 S.W.2d 313 (Tex.Civ.App., Eastland 1965, no writ). No jury issue was requested and none was submitted concerning either the nature of the relationship between Thomas and plaintiff or Thomas' authority to endorse the check. We, therefore, first consider whether the evidence, as a matter of law, establishes that Howard Gault and Son, Inc. and Thomas were partners.

■ The written agreements between plaintiff and Thomas provide for farming certain land, part of it belonging to plaintiff and part of it belonging to J. C. Morrison and leased by Morrison to plaintiff and Thomas as lessees. The Morrison lease was for a cash rental. For the use of its land, plaintiff was to receive a crop rental, which in the case of milo was ⅓ of the crop. Plaintiff was to advance financing including a monthly draw for Thomas to be charged against his share of the net proceeds. Thomas was to furnish his equipment, including upkeep, and his own personal labor. All expenses except those for equipment were to be shared equally. *After payment of the landlord's share* all of the "net revenues, rents, and proceeds" were to be divided equally between plaintiff and Thomas. The writing states that the parties are not engaged in the transaction as partners but as landlord and tenant. Nevertheless, both were tenants of the Morrison land and their agreement provides for a sharing by plaintiff and Thomas of both profits and potential losses, after payment of the stipulated rentals.

It is undisputed that Thomas had the right to obligate plaintiff for debts incurred in the line of farming, that a number of accounts with different businesses were carried in the name of "Thomas and Gault," and that Pitman carried the account on its books as "Thomas & Gault" with the consent of or at the direction of Howard Gault and Son, Inc. Pitman had made previous payments by check payable to "Thomas & Gault." Those checks were accepted by Howard Gault and Son, Inc. without complaint and negotiated with its endorsement and without the endorsement of T. B. Thomas, Jr. With regard to the nature of the payee on the Pitman checks, Howard Gault testified as follows:

"Q. And, the question though is, Mr. Gault, whether you contend that this check was payable to two separate people, both of whom had to endorse the check?

"A. It was payable to the account of two people.

"Q. All right.

"A. But, not to them personally."

No Pitman check was ever endorsed by both plaintiff and Thomas.

With exceptions not relevant here, Article 6132b, Texas Uniform Partnership Act, defines a partnership as follows:

"Sec. 6. (1) A partnership is an association of two or more persons to carry on as co-owners a business for profit."

Section 7, Article 6132b provides in part:

"Sec. 7. In determining whether a partnership exists, these rules shall apply:

\* \* \* \* \* \*

"(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

\* \* \* \* \* \*

"(b) As wages of an employee or rent to a landlord,"

\* \* \* \* \* \*

 The statement in one of the agreements that the farming operation was not a partnership is not conclusive on the question of partnership. It is the intent to do the things that constitute a partnership that determines that the relationship exists between the parties, and if they intend to do a thing which in law constitutes a partnership, they are partners whether their expressed purpose was to create or avoid the relationship. *Allison v. Campbell,* 35 S.W.2d 776 (Tex.Civ.App., Waco 1931, writ dism'd); *McCamey v. Hollister Oil Co.,* 241 S.W. 689 (Tex.Civ.App., Fort Worth) aff'd 115 Tex. 49, 274 S.W. 562 (1925).

After reviewing the undisputed evidence as it pertains to the agreements between plaintiff and Thomas, we conclude that, as a matter of law, their farming operation was a partnership. Our holding is dispositive of the appeal before us. Plaintiff's contentions that the trial court erred in instructing a verdict for Pitman and in not granting plaintiff's motion for judgment n.o.v. are overruled.

We have considered all of the evidence in the case and overrule appellant plaintiff's contention that the jury finding that Thomas is not indebted to plaintiff is against the great weight and preponderance of the evidence.

We do not reach appellee defendants' contentions that the finding that Thomas was not indebted to plaintiff necessarily, under the evidence adduced, means that plaintiff failed to show that it was damaged by the negotiation of the check nor do we reach the contention that a payee consisting of two last names joined by "&" appears to be a partnership and that a bank, in the absence of bad faith, is entitled to rely on its being such in cashing a check.

The judgment of the trial court is affirmed.