Leon HODGES, Appellant,

v.

Opta Lea BRAUN & Braun Medical
Association, P.A., Appellees.

No. 05–82–00730–CV.

Court of Appeals of Texas,
Dallas.

June 6, 1983.

Rehearing Denied Aug. 1, 1983.

Joe H. Jones, Carter, Jones, Magee, Rud-
berg & Mayes, R. Michael Farquhar, John-
son & Cravens, Dallas, for appellant.

Ross H. Hemphill, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellees.

Before STOREY, WHITHAM and ROWE, JJ.

WHITHAM, Justice.

Appellant, Leon Hodges, appeals from a take nothing judgment in favor of appellees, Opta Lea Braun and Braun Medical Association, P.A. Dr. Hodges and Dr. Braun are medical doctors who practiced medicine together for several years. Hodges seeks to recover from Braun a share of the income of Braun from medical practice which Braun earned during the time they practiced together and which Hodges claims he is entitled to under an oral agreement between the two doctors. Hodges also seeks to recover from Braun an amount equal to ten percent (10%) of Braun's gross income for a period of two years following the date the two doctors severed their medical practices as damages resulting from an alleged anticipatory breach of a written contract between them. We conclude that the trial court correctly rendered judgment in favor of Braun. Accordingly, we affirm.

Braun and Hodges began practicing medicine together on July 1, 1975. Hodges contends that their agreement to practice together provided that all the income from the entire medical practice of both was to be pooled and that the combined net income was to be divided as follows: (1) during the first year, sixty-five percent (65%) to Hodges, and thirty-five percent (35%) to Braun; (2) during the second year fifty-five percent (55%) to Hodges, and forty-five percent (45%) to Braun; (3) and, during the third year and succeeding years fifty percent (50%) to each. Expenses were to be divided fifty-fifty (prior to the division of income) in all years. Braun agrees with one exception. Braun contends that under the agreement not all of his income from medical practice was to be included in the pool of medical fees to be divided between them.

It is undisputed that during the years that Hodges and Braun practiced together Braun received income from medical prac-

tice which he did not include in the pool of medical fees divided between the two doctors. It is also undisputed that the parties handled the financial transactions under their agreement in the following manner: each doctor maintained a separate bank account into which he deposited the fees he received from his medical practice; at the end of each month the two doctors prepared a ledger, paid the expenses and divided the remainder of the income according to the applicable percentages; either Braun or Hodges would write a check to the other to balance the account.

█ The jury resolved the point of disagreement between the two doctors in favor of Braun. Hodges does not challenge the existence or the sufficiency of evidence supporting the jury's finding:

When Dr. Braun began practicing medicine with Dr. Hodges, in July 1975, was it the intent of the parties that all income from medical practice of both the parties was to be included in the monies to be divided between them?

ANSWER: "Yes" or "No"

ANSWER: NO.

Hodges, however, asserts in his first point of error that the trial court erred in failing to grant his motion for judgment notwithstanding the verdict. He contends that as a matter of law the evidence showed that at all times relevant Hodges and Braun were partners, and that as a matter of law Braun owed a fiduciary duty to make known that he was deriving outside income from practicing medicine and a duty to account to Hodges of the income derived from practicing medicine, and that as a matter of law Braun breached that duty. Thus, we must determine if as a matter of law the evidence showed that at all times relevant Hodges and Braun were partners. That issue was not submitted to the jury. We conclude that the evidence established that Hodges and Braun were not partners. Although the trial pleadings of both Braun and Hodges alleged that a partnership existed, both Braun and Hodges testified at trial that they were not partners. In that

connection Hodges also testified as to why the parties never had a common bank account. In Hodges' words, "[w]e didn't have a common bank account because we didn't want to be considered as partners."

Thus, Hodges would have us determine as a matter of law that he and Braun were partners although both testified that they were not partners. Hodges argues that we are required to do so under the holding in *Howard Gault & Son, Inc. v. First National Bank of Hereford,* 541 S.W.2d 235 (Tex.Civ.App.—Amarillo 1976, no writ). We disagree. Although in *Gault* the parties had entered into a written agreement stating that they were not partners, that case can be distinguished from the present case. *Gault* involved a suit by one partner against a third-party bank which had in good faith relied on the appearance of a partnership in paying the proceeds of a check to the other partner. The need to protect innocent third-parties relying on the appearance of partnership is wholly absent in a suit between alleged partners. We decline to hold in a suit between alleged partners seeking to establish a partnership that the parties *are* partners when both parties testify that they are not partners. Courts cannot make contracts for parties. *Royal Indemnity Co. v. Marshall,* 388 S.W.2d 176, 181 (Tex.1965); *Stalcup v. Eastham,* 330 S.W.2d 237, 240 (Tex.Civ.App. —El Paso 1959, writ ref'd n.r.e.).

Moreover, we conclude that Hodges' testimonial declarations that he and Braun were not partners are a quasi-admission. We conclude further that Hodge's quasi-admission is a judicial admission since this quasi-admission meets the five requirements set out in *Mendoza v. Fidelity and Guaranty Ins.,* 606 S.W.2d 692, 694 (Tex. 1980). In *Mendoza,* the Supreme Court described the process by which a party's testimonial declarations which are contrary to his position became a judicial admission on the part of the party testifying:

A party's testimonial declarations which are contrary to his position are quasi-admissions. They are merely some evidence, and they are not conclusive upon the admitter. The weight to be given such admissions is decided by the trier of fact. These are to be distinguished from the true judicial admission which is a formal waiver of proof usually found in pleadings or the stipulations of the parties. A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it.

However, as a matter of public policy, a party's testimonial quasi-admission will preclude recovery if it meets the requirements set out in *Griffin v. Superior Insurance Co.* [161 Tex. 195], 338 S.W.2d 415, 419 (1960) and *United States Fidelity & Guaranty Co. v. Carr,* 242 S.W.2d 224, 229 (Tex.Civ.App.—San Antonio 1951, writ refused). The public policy underlying this rule is that it would be unjust to permit a party to recover after he has sworn himself out of court by clear, unequivocal testimony. *Carr, supra.* A quasi-admission will be treated as a judicial admission if it appears:

(1) That the declaration relied upon was made during the course of a judicial proceeding. . . .

(2) That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony. . . .

(3) That the statement is deliberate, clear, and unequivocal. The hypothesis of mere mistake or slip of the tongue must be eliminated. . . .

(4) That the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based.

(5) That the statement is not also destructive of the opposing party's theory of recovery.

606 S.W.2d at 694 (some citations omitted). We conclude that in the present case each of the five requirements set out in *Mendoza* is met and, therefore, Hodges' quasi-admission is a judicial admission that he and Braun are not partners. In the present case we conclude that Hodges swore himself out of court by clear, unequivocal testi-

mony and that under the public policy expressed in *Mendoza* it would be unjust to permit a party to recover after he has sworn himself out of court by clear, unequivocal testimony. *Mendoza,* 606 S.W.2d at 694. Thus, we conclude that Hodges and Braun were not partners and that Braun owed no fiduciary duty to Hodges to make known to Hodges that Braun was deriving outside income from practicing medicine.

Next, we consider Hodges' contention that the trial court erred in overruling his motion for judgment notwithstanding the verdict because Braun as a matter of law made an anticipatory breach of a contract to pay Hodges ten percent (10%) of his gross income for a period of two years after the date Hodges and Braun severed their medical practices. Hodges points to Braun's testimony at trial that he had no intent to honor that contract as establishing anticipatory breach as a matter of law. We disagree that Braun made an anticipatory breach of the contract as a matter of law.

Hodges alleged in his trial pleadings that he "would show that as part and parcel of the agreement of the association between [Hodges] and [Braun] that [Braun] agreed to pay to [Hodges] 10% of his gross income for a period of two years at any time [Hodges] and [Braun] severed their practices." Thus, it clearly appears that the two agreements between the parties upon which Hodges seeks to recover in the present case were actually one contract. Moreover, the record reflects that Braun's expressed intent not to honor that part of the contract providing that he pay Hodges a percentage of his future earnings was based on Hodges alleged wrongful termination of their office association in the practice of medicine. Hodges terminated that association as a result of the dispute over whether all income from the medical practice of both doctors was to be included in the pool of medical fees to be divided between them. In the present case that dispute has been decided adversely to Hodges. Thus, Hodges is in the posture of having wrongfully terminated the admitted single contract between the parties.

Accordingly, we conclude that Hodges having wrongfully terminated the single contract between the parties may not now be heard to complain when Braun expresses his intent not to honor that part of the single contract between the parties providing that he pay Hodges a percentage of his future earnings. One may not terminate a contract and his obligations under it and then claim any benefits which may arise from it. *Denison Mattress Factory v. Spring—Air Co.,* 308 F.2d 403, 413 (5th Cir. 1962). *See also Houston County v. Leo L. Landauer & Asso., Inc.,* 424 S.W.2d 458, 464 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). Therefore, we conclude that Braun did not make an anticipatory breach of the contract.

Affirmed.