**Daniel Antonio AGUIRRE; Luis Antonio Turcios; Juana Maria Martinez, Individually and as Representative of the Estate of Jose Daniel Aguirre, Deceased, and as Next Friend of Her Minor Children Luis Alejandro Aguirre Martinez and Jose Daniel Aguirre Martinez, Minors; Maria del Carmen Baires Aguirre; Maria Elena**

Larin and Israel Antonio Ramirez, Individually and as Representatives of the Estate of Israel Antonio Larin, Deceased, and Maria Isabel Rivas, as Next Friend of Johnny Alexander Aguirre, Minor, Appellants,

v.

Dora G. VASQUEZ, as Representative of the Estate of Jose Ernesto Aguirre, Appellee.

No. 14–06–00325–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 1, 2007.

Steve T. Hastings, Russell H. McMains, Corpus Christi, for appellants.

Audrey Mullert Vicknair, Corpus Christi, Lansford O. Ireson, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

While returning to Texas from a painting job in Nebraska, four employees of Systems Painters, Inc. and a passenger encountered a blinding dust storm. Three of the employees were brothers and the passenger was their father, who had accompanied them on the job. Their vehicle was hit from behind by a tractor-trailer driven by an employee of R & S Transport. As a result of the collision, the driver and two of the Systems Painters' employees were killed. The remaining employee and the passenger suffered serious injuries. The injured employee and the families of the deceased employees of Systems Painters received workers' compensation benefits. The families and the injured passengers sued the driver of the tractor-trailer and his employer, Systems Painters, and the estate of the driver of the vehicle. They settled with R & S Transport and its drivers, but Systems Painters filed a summary judgment motion, which was granted. The driver's estate filed a motion for summary judgment alleging (1) the employees and their families were barred from recovery by the exclusive remedy defense of the Workers' Compensation Act, and (2) there was no evidence to support the claim that the driver was negligent or grossly negligent. The trial court granted the estate's summary judgment motion. We reverse the trial court's summary judgment with regard to the passenger/father's negligence claim and remand that claim for trial. We affirm summary judgment on the remaining claims.

### I. Factual and Procedural Background

In August, 2002, Jose Ernesto Aguirre ("Ernesto") was driving a Systems Painters truck from Nebraska to Texas after

completing a tape and float job for Systems Painters. Ernesto's passengers were his two brothers, Jose Daniel Aguirre ("Jose") and Luis Antonio Turcios ("Turcios"), his father, Daniel Antonio Aguirre ("Daniel"), and Israel Antonio Larin ("Larin"). All the passengers except Daniel were employees of Systems Painters who had worked on the tape and float job in Nebraska.

While in Nebraska, the men encountered a sudden dust storm that rendered driving conditions hazardous. Because his visibility was significantly impaired, Ernesto stopped the truck to wait out the storm. The driver of the tractor-trailer, Roger Grove, was driving through the same storm. Instead of stopping to wait out the storm, Grove continued to drive, but reduced his speed to 55 miles per hour.[1] Grove saw the outline of the camper on the Systems Painters truck just before his tractor-trailer collided with the truck. As a result of the collision, Ernesto and Jose, two of the three brothers, and Larin were killed. Turcios and Daniel survived the collision with serious injuries.

The families of Ernesto, Jose, and Larin collected workers compensation benefits from Systems Painters' carrier. Turcios also collected benefits. The injured victims and the families of the deceased victims sued Roger Grove, the driver of the tractor-trailer; his employer, R & S Transport; Systems Painters; and Ernesto's estate. Roger Grove and R & S Transport settled with the plaintiffs. Systems Painters obtained a summary judgment. Ernesto's estate filed a motion for summary judgment, contending the exclusive remedy provision of the Workers' Compensation Act ("the Act") barred the claims of Turcios, and Jose's and Larin's family members. The estate further contended no evidence supported the remain-

ing claims, or in the alternative, appellant's claims were precluded as a matter of law. The trial court granted summary judgment.

## II. Standards of Review

After adequate time for discovery, a party may move for summary judgment on the ground that no evidence supports one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). A no evidence summary judgment is improper if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex.2003).

The movant for traditional summary judgment must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When reviewing a traditional summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004).

## III. Exclusive Remedy of the Workers' Compensation Act

"Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB.CODE § 408.001(a). Historically, this exclusive remedy provi-

---

1. The speed limit on that area of the interstate highway was 75 miles per hour.

sion has provided a legislatively-crafted compromise that relieves employees of the burden of proving negligence to obtain relief for workplace injuries, but, in return, they forego any remedies except as may be provided by the Act. *See Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.1974). To recover under the Act, an employee must have been injured in the course and scope of employment. *Payne v. Galen Hosp. Corp.*, 28 S.W.3d 15, 17 (Tex.2000).

## A. The employees of Systems Painters were in the course and scope of employment at the time of the accident.

In their first issue, appellants contend the estate failed to establish course and scope of employment as a matter of law. "Course and scope of employment" means "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations." TEX. LAB. CODE § 401.011(12). Transportation to and from the place of employment is specifically excluded unless "(i) the transportation is furnished as a part of the contract of employment or is paid for by the employer; (ii) the means of the transportation are under the control of the employer; or (iii) the employee is directed in the employee's employment to proceed from one place to another place[.]" *Id.* An employer may be held liable for the act of its employee if the act is done within the employee's general authority. *Long v. Turner*, 871 S.W.2d 220, 225 (Tex.App.-El Paso 1993, writ denied).

Although the general rule is that injuries sustained by a worker while traveling on the public streets or highways are not incurred in the course and scope of employment, an exception to this general rule applies when the worker is traveling pursuant to express or implied conditions of his employment contract. *Meyer v. Western Fire Insurance Company*, 425 S.W.2d 628, 629 (Tex.1968). An injury incurred while traveling on the highway will be construed as being within the course and scope of employment, provided the employee is traveling pursuant to either express or implied terms of his employment, and provided the employee would have made the trip had there been no personal or private affairs to be furthered and would not have made it had there been no business of his employer to be furthered. *Admiral Ins. Co. v. Palmer*, 649 S.W.2d 643, 645 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.).

Undisputedly the Systems Painters' employees went to Nebraska at the direction of Systems Painters and they were returning home at the direction of Systems Painters. Also no one disputes that Ernesto was driving the truck at the direction of his foreman, Turcios. Turcios was too tired to drive and specifically instructed Ernesto to drive the company truck. Ronald Rhodes, president and founder of Systems Painters, testified in his deposition that workers are expected to use a company vehicle supplied for the purpose of traveling to and from a job site. All of the employees, Rhodes stated, were "on the clock" while traveling to and from Nebraska. Further, Rhodes testified that the company policy does not prohibit a foreman in need of rest from directing another employee to drive the company vehicle.

Thus the summary judgment proof conclusively established that the employer (i)

provided the transportation and furnished it as part of the contract of employment, and (ii) directed the employees in their employment to proceed from one place to another place. As a result, the employees were engaged in the course and scope of employment at the time of the accident. *See* TEX. LAB.CODE § 401.011(12).

This evidence distinguishes this case from the typical commuter cases because the Systems Painters employees specifically traveled to Nebraska in furtherance of the business of Systems Painters. At the time of the accident, they were traveling back to Texas. Although they had completed the tape and float job and were driving home, the drive from Nebraska to Texas was not a routine commute that appellants would have otherwise made. Ernesto and appellants would not have been driving through a dust storm in Nebraska had there been no business of Systems Painters to be furthered.

Appellants contend that the issue of course and scope of employment was not established as a matter of law because (1) the trial court granted Systems Painters' motion for summary judgment, which was "largely predicated" on the contention that the employees were not acting in the course and scope of employment at the time of the accident, and (2) the affidavit of Scott Blezinger raised a fact issue with regard to whether the employees were acting in the course and scope of employment.

**1. The previous summary judgment obtained by Systems Painters does not defeat summary judgment in this instance.**

■ In their brief, appellants state that Systems Painters obtained summary judgment on a motion that was "largely predicated" on the contention that the employees were not acting in the course and scope of their employment. As a result, appellants contend that the issue of course and scope of employment has been decided. The record of the Systems Painters motion for summary judgment has not been made a part of our record.

■ Appellants bear the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review appellants' claim of harmful error. *See Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex.2004). If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume the omitted evidence supports the trial court's judgment. *Id.* at 550. Therefore, we presume the record from the Systems Painters motion for summary judgment supports the trial court's summary judgment in favor of appellee. Further, it is not clear from our record that Systems Painters obtained summary judgment on the ground that the employees were not in the course and scope of employment.

**2. The affidavit of Scott Blezinger does not defeat the finding that the employees were in the course and scope of employment.**

■ Blezinger is the safety director for Systems Painters. In his affidavit, he stated that Turcios was the only person authorized to drive the vehicle in question and that he was not authorized to permit another person to drive. He further stated that Systems Painters never intended to pay Ernesto for driving the vehicle back to Texas. However, the fact that Ernesto was not paid or authorized to drive the vehicle does not bear on the exceptions enunciated in the Act. Nothing in Blezinger's affidavit contradicts the summary judgment proof that (1) the transportation was furnished and paid for by the employ-

er and (2) the employees were directed in their employment to proceed from one place to another. Further, the affidavit does not contradict the summary judgment proof that the employees were engaged in the furtherance of Systems Painters' business. The estate conclusively established the Systems Painters' employees were acting in the course and scope of employment.

## B. By Accepting Workers' Compensation Benefits for Injuries Sustained While in the Course and Scope of Employment, Appellants Waived Their Common-law Claims.

Appellants next contend that the mere receipt of workers' compensation benefits alone is insufficient to establish an exclusivity defense. In exchange for prompt remuneration to the employee with no burden of proof as to negligence, the benefits under the Act provide the exclusive remedy for on-the-job injuries, prohibiting the employee from seeking common-law remedies from his employer, its agents, and co-employees. *Hulshouser v. Texas Workers' Compensation Ins. Fund,* 139 S.W.3d 789, 792 (Tex.App.-Dallas 2004, no pet.). An employee waives his right of action at common law to recover damages for personal injuries or death sustained in the course and scope of employment. TEX. LAB.CODE § 406.034(a). An employee who desires to retain the common-law right of action to recover damages shall notify the employer in writing that the employee waives coverage no later than the fifth day after the employee begins employment, or after the employee receives notice that the employer has retained workers' compensation insurance. *Id.* § 406.034(b). There is no evidence in the record to show that any of the appellants retained their common-law right of action by waiving workers' compensation coverage. Therefore, any claims by Turcios are barred by the Act.

Moreover, the Act bars the survival claims for compensatory damages asserted by Jose's estate and Larin's estate and the wrongful death claims for compensatory damages asserted by Jose's wife and children, Jose's mother, and Larin's parents. Section 408.001 of the Labor Code precludes employees or families of employees who have received Workers' Compensation benefits from asserting a common law claim for those injuries. *See* TEX. LAB.CODE § 408.001. The Act also bars actions for compensatory damages under the Wrongful Death Act or the Survival Statute because those claims are derivative of the decedent's claim. *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 345–48 (Tex.1992).

Appellants cite several cases in which they contend the receipt of workers' compensation benefits alone does not establish an election of remedies. Those cases are distinguishable from this case in that they either address intentional torts or fact situations in which the employees were not determined to be in the course and scope of employment. *See Ramirez v. Pecan Deluxe Candy Co.,* 839 S.W.2d 101 (Tex. App.-Dallas 1992, writ denied); *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848 (Tex.1980); *McKinney v. Air Venture Corp.,* 578 S.W.2d 849 (Tex.Civ.App.-Fort Worth 1979, writ ref'd n.r.e.); *Ward v. Wright,* 490 S.W.2d 223 (Tex.Civ.App.-Fort Worth 1973, no writ). Appellants waived their common-law rights by failing to waive workers' compensation coverage under the Act. The Act provides the exclusive remedy for appellants against Systems Painters or an employee of Systems Painters.

## IV. Appellants Presented No Evidence of Gross Negligence

The Act does not prohibit recovery of exemplary damages by the surviv-

ing spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. TEX. LABOR CODE § 408.001(b); *Perez v. Todd Shipyards Corp.*, 999 S.W.2d 31, 33 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Therefore, the gross negligence claim for exemplary damages filed by Jose's family members survives the exclusivity provision of the Act. Daniel's gross negligence claim survives as well because he was not an employee of Systems Painters at the time of the accident.

In its motion for summary judgment, the estate asserted that the record contained no evidence of gross negligence or that no genuine issue of material fact existed as to whether Ernesto was grossly negligent. Appellants contend the trial court improperly granted summary judgment on the gross negligence claims because some evidence of gross negligence exists, or, in the alternative, the summary judgment proof raised a fact issue with regard to gross negligence.

A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX.R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

Gross negligence is defined as an entire want of care, which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it. *Universal Servs. Co., Inc. v. Ung*, 904 S.W.2d 638, 640 (Tex.1995). Gross negligence has both an objective and a subjective component. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 21–22 (Tex.1994). Viewed objectively, the defendant's conduct must create "an extreme degree of risk," which is a function of both the magnitude and the probability of the potential injury. *Id.* This component is not satisfied unless the defendant's conduct creates the "likelihood of serious injury" to the plaintiff. *Id.* To assess the degree of risk, we review the evidence objectively from the actor's standpoint. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998). The subjective component requires the defendant have "actual, subjective awareness" of the extreme risk involved, but nevertheless proceed in "conscious indifference to the rights, safety, or welfare of others." *Moriel*, 879 S.W.2d at 23. Actual awareness means that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care. *Mobil Oil Corp.*, 968 S.W.2d at 921.

In reviewing summary judgment proof of gross negligence, we consider whether the proffered evidence, as a whole and viewed in the light most favorable to the non-movant, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Lee Lewis Constr. v. Harrison*, 70 S.W.3d 778, 785 (Tex.2001). Some evidence of simple negligence is not evidence of gross negligence; conversely, some evidence of care does not defeat a gross-negligence finding. *Id.* In examining the proof on the subjective component, the courts focus on the defendant's state of mind, examining whether the defendant knew about the peril but acted in a way that demonstrates he did not care about

the consequences to others. *Tex. Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 232 (Tex.2004).

As evidence of gross negligence, appellants refer to the summary judgment proof attached to their response, which included the affidavit of Thomas M. Grubbs, an expert in accident reconstruction; the depositions of Jeff Boston, the investigating officer; Daniel, Turcios; Roger Grove; Ronald Rhodes; and Wesley Horn, a California police officer who was driving in the area at the time of the accident. Appellants argue that the testimony, affidavits, and photographs of the accident scene establish that raised portions of the highway alerted drivers when they were off of the highway and on the shoulder. Undisputedly the truck stopped in the left lane of the highway, not on the shoulder. Based on this fact, appellants contend the summary judgment proof shows that Ernesto did not exercise ordinary care in stopping the vehicle in a moving lane of traffic instead of moving the truck to the side of the road.

The expert, Grubbs, opined in his affidavit that he did not believe the testimony of the survivors of the accident that Ernesto thought he had stopped on the shoulder of the road instead of the main lane of the highway. Grubbs supported this conclusion with the fact that others had testified that the white fog line on the side of the highway was visible and the shoulder of the highway included rumble strips that would notify a driver that he was on the shoulder. Grubbs further opined that "The decision to voluntarily stop in a lane of an interstate highway is grossly negligent. This action goes far beyond anything a person utilizing ordinary care would be expected to do."

 However, Grubbs's statement that stopping in a moving lane of traffic was voluntary and grossly negligent is conclusory; therefore, it is not proper summary judgment proof. Rule 166a(f) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex.R. Civ. P. 166a(f). Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex.1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney v. Credit Suisse First Boston Mortgage Capital,* 192 S.W.3d 20, 27 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Because Grubbs failed to state facts to support his conclusion of gross negligence, that portion of his affidavit is conclusory. *See id.*

 In our view, the summary judgment proof is sufficient to raise a fact question on simple negligence, but it does not create a fact question on gross negligence. What separates ordinary negligence from gross negligence is the defendant's state of mind; in other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care. *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246–47 (Tex.1999). A plaintiff may establish the defendant's mental state by circumstantial evidence. *See Mobil Oil Corp.,* 968 S.W.2d at 921. The evidence shows that Ernesto was not used to driving under the conditions he and his passengers encountered. Larin told Ernesto to pull off the road. Testimony shows that the passengers felt the car move to the left as if to pull off the road. Moreover, testimony established that none of the drivers traveling through this part of the storm could see beyond the hood of their own

transport. The driving conditions were ferociously difficult for all drivers.

Appellants produced no evidence when viewed from Ernesto's standpoint, that shows his conduct created a likelihood of serious injury or posed an extreme degree of risk. Appellants produced no evidence to support an inference that Ernesto was aware he had stopped on the highway, or was aware of the peril in which he had placed himself, his brothers, and his father, but did not care about the danger. Therefore, summary judgment is proper on the gross negligence claims of Jose's family members and Daniel.

## V. Daniel's Deposition Testimony does not Conclusively Establish that Ernesto was not Negligent

■ The remaining cause of action is Daniel's negligence claim against the estate. Appellants contend Ernesto was negligent in stopping the truck in a moving lane of the highway and that his negligence proximately caused the accident. The estate contends that it has conclusively established through Daniel's deposition testimony that Ernesto exercised a degree of ordinary care and that his conduct was not the proximate cause of the accident. In his deposition, Daniel was asked, "Do you think Ernesto did anything to cause this accident?" He was also asked, "Do you blame Ernesto for this accident?" Daniel's response to both questions was, "No." The estate contends that Daniel's deposition testimony rises to the level of a judicial admission and conclusively establishes that Ernesto was not negligent and that Ernesto's conduct did not proximately cause the accident.

### A. Deposition testimony is a quasi-admission.

■ A party's testimonial declaration, which is contrary to its position, is a quasi-admission. *Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.1980). A quasi-admission is merely some evidence, and not conclusive, upon the person making the admission. *Id.* The trier of fact determines the amount of weight to be given to such admissions. *Id.* A quasi-admission is distinguishable from a true judicial admission, which is a formal waiver of proof usually found in pleadings or the parties' stipulations. A judicial admission is conclusive on the party making it, and relieves the opposing party of its burden of proving the admitted fact. *Id.* Any fact so admitted is conclusively established in the case without the introduction of the pleading or presentation of other evidence. *See id.* It not only relieves the opposing party from proving the admitted fact but bars the admitting party from disputing it *Id.*

■ As a matter of public policy, a party's testimonial quasi-admission will be treated as a true judicial admission if the following occur:

(1) the declaration relied upon was made during the course of a judicial proceeding;

(2) the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony;

(3) the statement is deliberate, clear, and unequivocal (the hypothesis of mere mistake or slip of the tongue must be eliminated);

(4) the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based;

(5) the statement is not also destructive of the opposing party's theory of recovery.

*Id.* The policy underlying this rule is that it would be unjust to permit a party to

recover after it has negated its right to recover by clear, unequivocal evidence. *Daimler–Benz Aktiengesellschaft v. Olson,* 21 S.W.3d 707, 719 (Tex.App.-Austin 2000, pet. dism'd w.o.j.), *cert. denied,* 535 U.S. 1077, 122 S.Ct. 1960, 152 L.Ed.2d 1021 (2000).

## B. Daniel's testimony does not conclusively negate a negligence cause of action.

 The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Id.* To establish breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *Caldwell v. Curioni,* 125 S.W.3d 784, 793 (Tex.App.-Dallas 2004, pet. denied). The resolution of a defendant's possible breach of duty is a question of fact. *Id.*

 In some cases, courts have found that testimony met the requirements of *Mendoza,* and eliminated what would have otherwise been a fact issue. Those courts, however, have limited their holdings to facts that were admitted, and did not address specific claims that relied on those facts. *See e.g., Cortez v. Weatherford I.S.D.,* 925 S.W.2d 144 (Tex.App.-Fort Worth 1996, no writ) (party's deposition

testimony that school bus warning lights were operating conclusively established that lights were on at the time of the accident); *Hodges v. Braun,* 654 S.W.2d 542, 544 (Tex.App.-Dallas 1983, writ ref'd n.r.e.) (parties' testimony that they were partners conclusively established that fact), *but see Vogel v. Greenblatt,* 05–94–01966–CV, 1996 WL 479645 (Tex.App.-Dallas August 20, 1996, writ denied) (party's testimony that his opponent did not owe him a fiduciary duty was a quasi-admission and not a judicial admission). If certain testimony meets the requirements to be treated as a judicial admission, the courts treat the admission of that fact as conclusively established.

In this case, Daniel's testimony does not meet these requirements. His testimony was not contrary to an essential fact embraced in the theory of recovery. Daniel testified as to his personal opinion of his son's driving on the day of the storm. He did not testify as to what an ordinarily prudent person would have done in the exercise of ordinary care, nor did he purport to be qualified to make such a statement. Further, there is no showing that Daniel understood the duty owed by Ernesto or that he intended to swear himself out of court by stating his son did nothing wrong or by failing to blame his son for the accident. In addition, we can ascertain, even from the few excerpts we have of Daniel's testimony that English is not his first language, and it also appears that he may not be completely fluent in English. Neither question clearly asks him to concede his position, and the second question—whether he blamed his son—is so laden with amorphous emotional undercurrents it would be unfair to hold that his answer met the exacting standards of a judicial admission. He may have to confront this issue at trial, and most certainly would have to explain these answers at

trial, but we are unwilling to hold on this summary judgment record that he sufficiently conceded his position for it to amount to a judicial confession.

At most, Daniel's testimony raised a genuine issue of material fact on his negligence cause of action. Therefore, summary judgment was not appropriate on Daniel's negligence cause of action.

## VI. Conclusion

As to Daniel's negligence cause of action, we reverse the summary judgment and remand for proceedings consistent with this opinion. In all other aspects, the judgment of the trial court is affirmed.