Reversed and Remanded and Memorandum Opinion filed April 3, 2008








 Reversed and Remanded and Memorandum Opinion filed
April 3, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01146-CV

_______________

 

MARK RORIE, Appellant

 

V.

 

HARRIS COUNTY, Appellee

                                                                                                                                               


On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 818,460

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Appellant, Mark Rorie, appeals from
an order granting a summary judgment against him on a personal injury claim. 
Rorie contends that he raised a genuine issue of material fact regarding Harris
County=s actual knowledge of a dangerous
condition that caused Rorie=s injury.  We reverse and remand.       

 








Background

On September 17, 2002, while serving
on jury duty, Rorie sat down on a bench near the 11th District Court on the second
floor of the civil courthouse at 301 Fannin St.  The bench collapsed and Rorie
fell to the floor.  The bench bore no warnings at the time Rorie sat on it. 
The bench was repaired on September 20, 2002.

Rorie sued Harris County seeking
recovery for injuries he attributed to his fall at the courthouse.  Harris
County filed a combined motion for traditional and no-evidence summary judgment
on grounds that it had no actual knowledge of the bench=s dangerous condition.  As part of
his summary judgment opposition, Rorie filed three county work orders relating
to benches at the courthouse, along with his own affidavit in which he stated
that the bailiff for the 11th District Court asked Rorie to fill out
an accident report after his fall.   According to Rorie,  AWhile talking to the bailiff he told
me that he had reported to the county prior to my fall that the bench needed to
be repaired.  The bailiff=s name was Dempsey.@     

The trial court granted Harris County=s combined motion for traditional and
no-evidence summary judgment.  Rorie timely appealed.

Standard of Review

This court applies de novo review
to a summary judgment order, using the same summary judgment standard employed
in the first instance by the trial court.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  








A traditional summary judgment may be
granted if the motion and summary judgment evidence establish there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law.  Tex. R. Civ. P. 166a(c).  Summary judgment for a defendant is
proper when the defendant negates at least one element of each of the plaintiff=s theories of recovery, or pleads and
conclusively establishes each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  In reviewing
a summary judgment, we take as true all evidence favorable to the non-movant;
indulge every reasonable inference in the non-movant=s favor; and resolve any doubts in
the non-movant=s favor.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  

A no‑evidence motion for
summary judgment must be granted if (1) the moving party asserts that there is
no evidence of one or more specified elements of a claim or defense on which
the adverse party would have the burden of proof at trial; and (2) the
respondent produces no summary judgment evidence raising a genuine issue of
material fact on those elements.  See Tex. R. Civ. P. 166a(i). In
reviewing a no‑evidence motion for summary judgment, we view all of the
summary judgment evidence in the light most favorable to the non-movant, Acrediting evidence
favorable to that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.@ Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006).  The non-moving party is not obligated to marshal its proof, but it is
required to present evidence that raises a genuine fact issue on the challenged
element.  Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 

As the defendant in a premises defect
claim against a governmental entity, Harris County is liable for Apersonal injury or death so caused by
a condition or use of tangible personal property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021(2) (Vernon 2005).  When the
claim arises from a premises defect, the duty owed is that of a property owner
to a licensee.  See State Dep=t of Highways & Pub. Transp. v.
Payne, 838 S.W.2d
235, 237 (Tex. 1992); Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(1)(a) (Vernon 2005).  This
duty requires the premises owner to Awarn a licensee of, or to make
reasonably safe, a dangerous condition of which the owner is aware and the
licensee is not.@  State Dep=t of Highways & Pub. Transp., 838 S.W.2d at 237.  The
governmental entity must have actual knowledge of the dangerous condition
created by the premises defect.  Id.; State v. Tennison, 509
S.W.2d 560, 562 (Tex. 1974). 

 

 








Analysis

It is undisputed that Rorie was a
licensee on the premises.  Harris County and Rorie agree that the sole issue on
appeal focuses on Harris County=s actual knowledge of the dangerous condition of the bench
near the 11th District Court.  Harris County contends it affirmatively negated
this element of Rorie=s claim by proffering two affidavits that, according to the
county, negate actual knowledge of the bench=s dangerous condition.  

The first affidavit is signed by
Gloria Salazar, a Customer Service-Help Desk Supervisor for the county, whose
responsibilities include Areceiving and acting on calls for service and/or injuries to
property and persons which occur on County owned or operated buildings and
premises, including the Civil Courts Building located at 301 Fannin St.@  She stated that for the two years
preceding Rorie=s injury, she had uncovered Ano request or report of injury
arising from any bench or pew located in the hallway of the second floor at or
near Civil District Court No. 11 that was broken, defective or otherwise in
disrepair.@  

The second affidavit is signed by
Angela Walker, the Harris County Facilities and Property Management Department=s Section Supervisor of Central
Station Security.  The Central Station Ais a 24 hour per day, 7 days per week
operation responsible for receiving and acting on reports of injury, near
injury, falls, near falls and emergency calls for injury incidents and/or
conditions of property which occur or exist upon County owned or operated
buildings and grounds . . . .@  The Central Station generates an Accident Report and a
Maintenance Service Request for every incident, which is then forwarded to the
Customer Service-Help Desk.  Ms. Walker=s affidavit states that for the
two-year period preceding  Rorie=s injury, she found Ano report of injury, near injury,
falls, near falls and emergency calls for injury incidents and/or conditions of
property from any broken or defective bench or pew located in the hallway of
the second floor at or near Civil District Court No. 11 in the Civil Courts
Building located at 301 Fannin St.@ 

In his summary judgment response,
Rorie presented three work orders and a personal affidavit.  








The work orders do not address the
county=s actual knowledge that the bench
near the 11th District Court was in a dangerous condition at the time of Rorie=s fall.  The first work order is
dated September 19, 2002, two days after Rorie=s incident.  This work order
references a bench on the second floor in or near the 11th District
Court that needed to be Abolted down B a man fell off and hurt himself.@  It is not clear whether this work
order was written in response to Rorie=s incident.  Even assuming that this
work order refers to Rorie=s incident, an accident report dated two days after Rorie=s incident does not establish the
county=s knowledge of the bench=s condition at or before the time of
Rorie=s incident.

The second work order is dated
September 23, 2003 and describes a broken bench inside the 281st District Court
on the second floor.  This work order also is dated after Rorie=s incident and thus does not
establish actual knowledge of a dangerous condition at or before the time of
Rorie=s incident.  Additionally, this work
order pertains to a different bench positioned near a different courtroom.

The third work order is dated
September 17, 2002.  The Astart date@ is listed as March 23, 2002, and the Acompletion date@ is listed as April 17, 2002.  This
work order describes the removal, varnishing, and replacement of a bench on the
fourth floor at 301 Fannin St.  Rorie suggests that this is the same bench upon
which he later sat; invites us to infer that the county workers who varnished
the bench were the ones who did not bolt it down (as described in the first
work order); and asserts that the county had constructive knowledge of a
premises defect because it created the dangerous condition.  See Tex. Dept.
of Transp. v. York, 234 S.W.3d 212, 219 (Tex. App.CWaco, 2007 pet. filed) (when an owner
creates a dangerous condition, this may support an inference of knowledge). 
However, it is not a reasonable inference to link the first and third work
orders because they reference benches on different floors of the courthouse. 








Rorie also relies on his own
affidavit to support his contention that Harris County had actual knowledge of
the dangerous condition posed by the unstable bench near the 11th District
Court.  Rorie states: AWhile talking to the bailiff he told me that he had reported
to the county prior to my fall that the bench needed to be repaired.  The
bailiff=s name was Dempsey.@  Rorie contends that this statement
raises an issue of material fact regarding Harris County=s actual knowledge of the bench=s condition.  See Reliable
Consultants, Inc. v. Jaquez, 25 S.W.3d 336, 343 (Tex. App.CAustin 2000, pet. denied) (actual
knowledge can be attributed to a defendant where defendant=s employee was made aware of the
dangerous condition); Simons v. City of Austin, 921 S.W.2d 524, 528
(Tex. App.CAustin 1996, writ  denied) (a city=s actual knowledge of a dangerous
condition can be satisfied by a city employee=s knowledge of that dangerous
condition).

Harris County argues on appeal that
this statement is too conclusory to constitute valid summary judgment evidence. 
We reject this argument.[1]

A statement is conclusory if it does
not provide underlying facts to support the conclusion.  Hodgkins v. Bryan,
99 S.W.3d 669, 674 (Tex. App.CHouston [14th Dist.] 2003, no pet.); see Ryland Group,
Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). AConclusory
statements in affidavits are not proper as summary judgment proof if there are
no facts to support the conclusions.@  Ryland Group, Inc., 924 S.W.2d at 122.  AAn objection that an affidavit is
conclusory is an objection to the substance of the affidavit and may be raised
for the first time on appeal.@ Hodgkins, 99 S.W.3d at 674.

In support of its argument, Harris
County points to two cases in which expert testimony was deemed conclusory.  In
the first case, a treating physician=s affidavit was deemed too conclusory
because it asserted, without any underlying analysis, that Ain my opinion, the conduct of
[defendant] substantially caused [plaintiff=s] injuries and death.@  LMB, Ltd. v. Moreno, 201
S.W.3d 686, 688-689 (Tex. 2006).  The court found this to be no more than a Abare conclusion@ of cause-in-fact or foreseeability,
without any specific facts to underpin the conclusion.  Id. 








Harris County also points to Aguirre
v. Vasquez, 225 S.W.3d 744, 755 (Tex. App.CHouston [14th Dist.] 2007,  no
pet.).  In Aguirre, the defendant stopped his vehicle in a sand storm
without pulling off the highway.  The plaintiffs sought to prove gross
negligence and provided affidavit testimony by an expert who opined, AThe decision to voluntarily stop in a
lane of an interstate highway is grossly negligent.  This action goes far
beyond anything a person utilizing ordinary care would be expected to do.@  Id.  This court determined
that this evidence was conclusory and therefore not proper summary judgment
evidence.  

These two cases are distinguishable
from the circumstances here.  Rorie is not expert witness making a general
assertion couched in terms of the general liability standard that Harris County
knew about the bench=s dangerous condition.  Instead, Rorie is describing a
conversation between Rorie and a bailiff.  Rorie states unequivocally the
bailiff told Rorie that the bailiff had reported the bench=s dangerous condition to the county before
Rorie sat on it and fell.  This is not a mere conclusion or opinion; it is a
statement of controvertible fact based upon Rorie=s personal encounter with the
bailiff. 

This conclusion is underscored by City
of Arlington v. Moore, No. 2-05-453-CV, 2006 WL 1494719 (Tex. App.CFort Worth June 1, 2006, pet. denied)
(mem. op.), in which the plaintiff was shocked by an electrified light pole and
brought a premises liability suit against the City of Arlington.  The city
invoked sovereign immunity, but its plea to the jurisdiction was denied because
a fact question remained as to actual knowledge.  Id. at *4.  The
plaintiff provided an affidavit from an electrician who testified that, after
he went to the park to investigate a report that plaintiff had been shocked by
the light pole, he encountered a man wearing a City of Arlington shirt and
driving a City of Arlington truck.  Id. at *3.  This electrician stated
that the man told him, AI cannot believe that this light pole wasn=t fixed previously.  I had told the
electrician to do that two weeks ago.@  Id.  This evidence was sufficient
to raise a fact issue as to actual knowledge.  Id. at *4.  








The Fort Worth Court of Appeals noted, AThe City does not
allege that [plaintiff] fraudulently made these allegations, and the evidence
presented by the City in support of its plea to the jurisdiction does not
controvert [plaintiff=s] factual allegation that, two weeks
before [plaintiff] was shocked, a City maintenance manager reported to an electrician
that the pole that shocked [plaintiff] remained unsafe.@  Id. at *4.  Accordingly,
the court in City of Arlington held that a genuine issue of material
fact existed as to whether the city had actual knowledge of the dangerous
condition.  The same conclusion applies to Rorie=s reliance on evidence describing his
conversation with the bailiff. 

Harris County contends that actual
knowledge is foreclosed by its affidavits; it dismisses as immaterial the
statement that the bailiff had notified the county about the unstable bench. 
But Harris County=s affidavits do not foreclose Rorie from controverting those
affidavits through his own affidavit statement describing what the bailiff told
him.  See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965) (AEvidence which favors the movant=s position is not
considered unless it is uncontradicted@).  Harris County
has not conclusively negated actual knowledge. 

In reviewing a traditional summary
judgment, we take as true all evidence favorable to the non-movant, indulge
every reasonable inference in the non-movant=s favor, and resolve any doubts in
the non-movant=s favor.  Sudan, 199 S.W.3d at 292.   Applying the governing
standard here, and holding that Rorie=s affidavit is not conclusory, we
reverse the trial court=s traditional summary judgment in favor of Harris County.








 Reversal also is warranted insofar
as the trial court granted the county=s no-evidence motion for summary
judgment.  Examining the entire record in the light most favorable to Rorie,
indulging every reasonable inference in Rorie=s favor, and resolving any doubts
against Harris County, we hold that a no-evidence summary judgment in favor of
Harris County was improper.   Rorie produced more than a scintilla of probative
evidence raising a genuine issue of material fact regarding Harris County=s actual knowledge of the bench=s dangerous condition based on the
unobjected-to affidavit recounting the bailiff=s statement. See Mack Trucks, Inc.,
206 S.W.3d at 581-82.

Accordingly, the trial court=s judgment is reversed, and this
matter is remanded for further proceedings.

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed April 3, 2008.

Panel consists of Chief Justice
Hedges, and Justices Anderson and Boyce.









[1]           The county raised no hearsay objection to
this evidence in the trial court or on appeal.