**Reversed and Remanded, and Majority and Concurring and Dissenting Opinions filed June 30, 2015.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-13-00352-CV

---

### BP OIL PIPELINE COMPANY, Appellant

### V.

### PLAINS PIPELINE, L.P., Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-39550**

---

## CONCURRING AND DISSENTING OPINION

Shakespeare wrote, "What's in a name? That which we call a rose by any other name would smell as sweet."[1] The majority, however, seems to reject this notion. I agree with the majority that the trial court erred in granting Plains's motion for summary judgment. However, because I believe that the trial court erred in denying BP's motion for summary judgment, whether construed as a no-

---

[1] William Shakespeare, *Romeo and Juliet,* act 2, sc. 2, line 43.

evidence or traditional motion, I respectfully dissent.

Among the many pleadings filed by the parties in this matter is an instrument styled, "BP'S RESPONSE IN OPPOSITION TO PLAINS' AMENDED MOTION FOR SUMMARY JUDGMENT AND BP'S AMENDED CROSS-MOTION FOR SUMMARY JUDGMENT." Within that filing, after discussing and providing authority for the two distinct objective and subjective elements of gross negligence (and of willful misconduct), BP asserted that there was no evidence of either element: "Plains must demonstrate a 'specific intent' on the part of BP to cause 'substantial injury.' *Of course no such evidence exists*." (Emphasis added.) BP also specifically contended that Plains provided only assertions of BP's intent "*without any evidence whatsoever*" (emphasis added). This language is contained within the section of BP's motion providing argument and authorities regarding BP's position that "Plains has no evidence that BP engaged in any gross negligence or willful misconduct."

Based on the language and substance of BP's amended cross-motion for summary judgment, I believe that BP sufficiently asserted no-evidence grounds under rule 166a(i) as to gross negligence with regard to BP's "specific intent," or the subjective element of gross negligence, and with regard to "substantial injury," or the objective element. *See Chrismon v. Brown*, 246 S.W.3d 102, 120–21 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (supp. majority op.) (discussing *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004), and rejecting position on rehearing that no-evidence ground attacking duty was not raised in motion despite lack of words "no evidence" in title or headings of motion, lack of citation to rule 166a(i) or otherwise to no-evidence standard of review, movant's attaching and citing to evidence, and other grounds asserted in motion were traditional).

Because BP sufficiently asserted that "Plains has no evidence that BP engaged in any gross negligence or willful misconduct," and because the Agreement expressly imposes the burden of proof as to gross negligence on Plains, the burden shifted to the nonmovant Plains. *See* Tex. R. Civ. P. 166a(i); *Chrismon*, 246 S.W.3d at 114 n.12. Accordingly, Plains had to meet its burden to present evidence that raised a genuine fact issue as to the two challenged elements of gross negligence. *See* Tex. R. Civ. P. 166a(i) & 166a cmt. to 1997 change. If Plains failed to provide enough evidence as to either element of BP's alleged gross negligence to be entitled to a trial, then the trial court was required to grant the no-evidence motion. *See Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 159 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). In applying the legal-sufficiency standard of review, our task is to determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* at 159–60. While the nonmovant need not marshal its proof, it must bring forth more than a scintilla of evidence. Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions, while less than a scintilla of evidence exists when the evidence merely creates a surmise or a suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Even considering the evidence in the light most favorable to Plains and indulging every reasonable inference and resolving all doubts in its favor, *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009), I cannot conclude that Plains presented more than a scintilla of probative evidence to raise a genuine issue of material fact as to the objective component of gross negligence. Plains did not provide more than a scintilla of evidence to show that, when viewed objectively

from BP's standpoint at the time, BP's acts or omissions related to the construction, operation, maintenance, repair, expansion, management, use, or ownership of the pumping station land (and disclosures related to such land) departed from the ordinary standard of care to such an extent that they created an extreme risk, one likely to cause serious injury to G&M, or for that matter, Plains. *See Transp. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994) (objective element of gross negligence means "viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others"); *Chrismon*, 246 S.W.3d at 107 (citing *Moriel*, 879 S.W.2d at 23); *see also Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (concluding trial court properly granted no-evidence summary judgment as to objective element of gross negligence); *Seber v. Union Pac. R.R. Co.*, 350 S.W.3d 640, 655 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same); *Aguirre v. Vasquez*, 225 S.W.3d 744, 756 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (same).

Even if BP's motion is more appropriately construed as a traditional motion for summary judgment, which the majority concludes is the proper reading, I disagree with the majority that BP did not satisfy its burden of proving as a matter of law that the losses did not result from, relate to, or arise out of gross negligence. (Majority op. at 29, 33.) I believe that BP has conclusively shown there is no genuine issue of material fact on the objective component of gross negligence such that BP is entitled to judgment as a matter of law on its declaratory judgment indemnity claim. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Moreover, where both BP and Plains have brought forth extensive summary judgment evidence, I believe that the differing burdens of proof are immaterial and the ultimate issue is

4

whether a fact question exists. *See Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013); *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Further, we should determine this issue in the interest of judicial economy. *See Neely*, 418 S.W.3d at 60; *Cohen*, 442 S.W.3d at 823–24.

On this summary-judgment record, the very record on which Plains asserted that it was entitled to summary judgment because BP was obligated to indemnify Plains for BP's own misconduct based on the contract, I believe reasonable, fair-minded people could only conclude that BP's actions or omissions related to the use and ownership of the pumping station were not "highly dangerous," such that BP's conduct was at most deserving of restitution as opposed to punishment. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993). The Supreme Court of Texas and other courts have reversed jury findings based on the objective component of gross negligence. *See, e.g.*, *Universal Servs. Co., Inc. v. Ung*, 904 S.W.2d 638, 642 (Tex. 1995); *Alexander*, 868 S.W.2d at 326–27; *Cowboys Concert Hall-Arlington, Inc. v. Jones*, No. 02-12-00518-CV, 2014 WL 1713472, at *15 (Tex. App.—Fort Worth 2014, pet. denied) (mem. op.).

In my view, failing to continue pursuing a lapsed servitude after becoming a co-owner of a piece of land, and failing to then pay G&M and disclose such issue to Plains, "is a far cry from the sort of objective risk that would give rise to gross negligence." *See Boerjan*, 436 S.W.3d at 312. Here, BP has shown "no genuine issue of material fact exists as to the issue[]" where none of the summary-judgment evidence identifies any acts or omissions by BP that, when viewed objectively from BP's standpoint, involved the likelihood of extreme risk of serious injury. *See Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 77–78 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding trial court properly granted traditional summary judgment as to objective element of gross negligence); *see also Tex. Dep't of Parks*

5

*& Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004) (concluding trial court improperly denied plea to the jurisdiction in which evidence was submitted where "the record contain[ed] no evidence[] that shows that sudden branch drop syndrome constitutes an extreme risk of danger").  I would conclude, as a matter of law, that the summary-judgment evidence presented of BP's "mis"conduct could not rise to the heightened level necessary to establish the "extreme risk of substantial harm" component of gross negligence.

The Agreement sets forth that Plains would have the burden of proof to show that the losses for which BP seeks indemnity resulted from BP's gross negligence.  Because Plains failed to meet its burden to raise a fact issue on the objective element of gross negligence, either in response to a no-evidence motion or after BP conclusively disproved in its traditional motion the objective element of gross negligence, BP is entitled to summary judgment as a matter of law.  I would conclude that the trial court erred by not granting summary judgment in BP's favor and against Plains.

Therefore, I respectfully dissent to that portion of the majority opinion.


/s/    Marc W. Brown
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.