**TEXAS DISTILLERS, INC., et al.,**
**Appellants,**

v.

**Leon P. HOWELL, Appellee.**

No. 14535.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 30, 1966.

Rehearing Denied Dec. 28, 1966.

Crawford B. Reeder, San Antonio, for appellants.

Bradford F. Miller, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from the granting of a summary judgment. Appellee brought this suit against Texas Distillers, Inc., a Texas corporation, and seven individuals who constituted its Board of Directors, to recover damages for the conversion of 26,462½ shares of capital stock of said corporation. The trial court sustained appellee's second motion for summary judgment and rendered judgment jointly and severally against all appellants for the sum of $52,925.

On August 23, 1963, appellant corporation accepted a "Legal Services Contract" submitted by appellee, whereby he agreed to perform services for financing the construction and equipping of a proposed distillery which the corporation desired to erect in New Braunfels, Texas, at an estimated cost of $900,000. Appellee agreed to endeavor to obtain a commitment or commitments for a minimum of $450,000, either in the form of loans or investments, under certain specified conditions. For his services appellee was paid a retainer fee in the sum of $4,400, and was to be paid a sum equal to 12% of the first $450,000 raised by him, and 10% of the excess. This fee was to be paid either in stock or cash, at appellee's option.

On March 13, 1964, appellee submitted to appellants a lease-purchase proposal made by William Matera to construct and equip a distillery upon certain specified terms and conditions. Appellee asserts this proposal ripened into a contract with the corporation's acceptance on April 2, 1964. It is alleged he thereby fully performed all his obligations under his legal services contract and is entitled to the sum of $56,925, less the sum advanced to him.[1] The directors of the corporation unanimously refused to convey to him the shares of stock equal to this sum and he thereupon brought this suit for conversion.

The crux of this appeal is whether appellants judicially admitted the liability to appellee and therefore were prevented from pleading or raising any fact issue in response to appellee's motion for summary judgment. This contention is primarily based upon a letter from appellant Faust, president of the corporation, to appellee dated April 1, 1964. This letter was in response to a question raised by appellee in his letter of March 27, 1964, to the corporation as to whether the proposal of Mr. Matera came "within the purview of, and would be subject to" appellee's contract with the corporation. Mr. Faust in reply quoted in part from the minutes of the corporation approving the August 28, 1963, contract with appellee, which provided "for further payment upon successfully completing any method of financing the Distillery, or any part thereof acceptable by the Corporation." Faust concluded that the Board felt "that the Matera Contract would fall within the purview of your contract with Texas Distillers, Inc."

In United States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224, writ ref'd, this Court adopted five tests to be met before a declaration can be held a judicial admission and therefore conclusive against the party making same. It must appear: 1. That the declaration relied upon was made during the course of a judicial proceeding. 2. That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony. 3. That the statement is deliberate, clear, and unequivocal. 4. That the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based. 5. That the statement is not also destructive of the opposing party's theory of recovery. The Supreme Court in Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415 (1960), held

---

1. Matera was to expend a maximum of $408,250 on the distillery and to purchase $75,000 of the corporation stock under certain conditions. Appellee urges he is thereby entitled to a commission on $483,250.

that these tests must be met before a declaration is deemed conclusive.

■ The Faust letter to appellee does not meet at least two of these tests. The declaration contained in this letter obviously was not made during the course of a judicial proceeding. Further, the statement that the Matera proposal was within the purview of appellee's contract with appellants was not a deliberate, clear and unequivocal admission that the Matera proposal, if accepted by appellants, would fulfill appellee's obligations under his contract. The Matera proposal required that approval be secured by appellant corporation from the Texas Securities Commission for the public sale of $600,000 of the corporation's capital stock and that a minimum of $100,000 realized from the proceeds of such sale be kept in a trust account under the joint control of appellants and Matera before Matera would be required to start construction of the distillery. These requirements were not met and the reasons for the failure of the Matera proposal to be completed were not established.

■ The Faust letter amounted to no more than a quasi-admission which was not conclusive against appellants. U. S. Fidelity & Guaranty Co. v. Carr, supra; Harris County v. Hall, 141 Tex. 388, 172 S.W. 2d 691 (1943); McCormick & Ray, Texas Law of Evidence, § 1128; 39 Texas Law Review 516. Under these authorities a quasi-admission is merely a piece of evidence and the declarant may offer evidence in contradiction or explanation of it.

Appellants pleaded that the Matera proposal was not procured through the efforts of appellee. Affidavits of Matera and Mr. Deerwester, vice-president of appellant corporation, were filed which state in part that the Matera proposal was negotiated in substantially the same form by appellants before the contract was signed between the Corporation and appellee. The appellants did admit, under Rule 169, T.R.C.P., that no contract was signed by appellant corporation with Matera other than the one of

March 13, 1964, and further that the minutes of the Corporation do not reflect that any other proposal for the construction of a distillery was ever accepted by the directors of the Corporation. Appellants qualified these admissions to reflect that the essential parts of the Matera proposal had been negotiated prior to the time the Corporation entered into a contract with appellee. There is no admission that appellee had fulfilled his legal services contract.

■ The trial court erroneously considered that appellants had judicially admitted liability to appellee and improperly ordered appellants' pleading and affidavits in contradiction to appellee's motion for summary judgment stricken from the record. When these pleadings and affidavits are considered in this record, a genuine issue of material fact is raised as to whether appellee had fulfilled his obligations under his legal services contract with appellant corporation.

The summary judgment granted appellee is accordingly reversed and this cause is hereby remanded to the trial court.

CADENA, J., disqualified and not sitting.