Clendonio R. MENDOZA, Petitioner,

v.

FIDELITY AND GUARANTY INSUR-
ANCE UNDERWRITERS,
INC., Respondent.

No. B–8993.

Supreme Court of Texas.

Sept. 12, 1980.

Rehearing Denied Oct. 15, 1980.

London & Stokes, Jack W. London, Elvis G. Schulze, Austin, for petitioner.

Flahive & Ogden, Jack W. Latson, Austin, for respondent.

DENTON, Justice.

Celedonio R. Mendoza brought this suit against Fidelity & Guaranty Insurance Un-

derwriters, Inc., seeking an increase in his worker's compensation benefits under Art. 8306 § 12d, Tex.Rev.Civ.Stat.Ann. relative to an alleged change of condition to the worker. The trial court entered judgment for Mendoza upon a jury verdict. The court of civil appeals reversed and rendered. 588 S.W.2d 612. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

In January 1976, Celedonio Mendoza received an upper back injury while employed as a laborer. At that time his condition was diagnosed as a mild thoracic spine injury. In July of that year he was diagnosed as having a dorsal spine strain, however he continued to work on "electrical projects." In November 1976, Mendoza filed a claim for worker's compensation benefits pursuant to Art. 8306, Tex.Rev.Civ.Stat.Ann.[1] On November 30, 1976 the Industrial Accident Board (the Board) ordered a compensation award which included four weeks for temporary total disability at $70.00 per week and $6.67 per week for permanent partial disability for three hundred weeks. This award was not appealed and became final under Art. 8307 § 5. In December 1976, Mendoza again sought medical treatment for new physical complications. He was hospitalized for further diagnosis of additional complaints, and he received numerous medical treatments.

In January 1977, Mendoza filed an application with the Board to modify the prior award on the basis of a subsequent change in his physical condition as authorized by Art. 8306 § 12d. On April 1, 1977, the Board refused to modify the previous award. Mendoza then filed suit in district court to obtain a de novo review of the Board's action. At the time this suit was filed, Mendoza's condition had been diagnosed as myositis.[2] The position of the insurer, Fidelity & Guaranty Insurance Un-

derwriters, Inc., at trial was that Mendoza's physical condition had not changed since the Board's first order so that there was no further loss of wage earning capacity after that time.

At trial, the evidence of Mendoza's changed physical condition included medical records prior to and after the original award, testimony from lay witnesses, and testimony from Mendoza. Mendoza testified on cross-examination that he had been totally unable to do any kind of work since his injury.

The jury verdict in favor of Mendoza found that his physical condition had substantially deteriorated after his back injury, and that this change had been the producing cause of total, permanent incapacity beginning December 16, 1976.

The court of civil appeals reversed and rendered a take nothing judgment, holding that Mendoza's testimony that he was totally unable to work prior to the award of November 30th, 1976 was a judicial admission that he was totally disabled at that time so that there could not have been a further change in his work capacity.[3]

The testimony which the court of civil appeals held to be a judicial admission was elicited from Mendoza on cross-examination. That testimony is as follows:

Q. But on September–in September of 1976, you were totally unable to do any work?

A. Yes, sir.

Q. In October of 1976, you were totally unable to do any kind of work?

A. In October 1976?

Q. That is still before you were put in the hospital.

A. Yes, sir.

---

1. All references to statutes are to Vernon's Tex. Rev.Civ.Stat.Ann.

2. Mendoza testified at trial that he could only lift his arms for short periods of time, that he had weakness in his legs, and pain in his intestines, neck, and back.

3. 588 S.W.2d 612, 615. A dissenting opinion concluded that the November 30, 1976 award and determination of permanent partial incapacity was res judicata on the issue of Mendoza's prior physical capabilities and would bar the use of Mendoza's testimony as a judicial admission.

Q. Up to November 30, 1976, you were totally unable to do any kind of work.

A. Yes, sir.

Q. In December of 1976, you were totally unable to do any kind of work?

A. Yes, sir.

Q. Right up to the present time?

A. Yes, sir.

In order to set aside the prior Board award under Art. 8306 § 12d, Mendoza must prove that his physical condition became substantially worse after the November 30, 1976 award. In addition, Mendoza must prove an increasing incapacity to work due to his changed physical condition. *Employers Reinsurance Corp. v. Holland*, 162 Tex. 394, 347 S.W.2d 605 (1961). The issue on this appeal is whether the court of civil appeals erred in holding that Mendoza's testimony was a judicial admission which conclusively established his total incapacity prior to the Board's order of November 30, 1976.

■ A party's testimonial declarations which are contrary to his position are quasi–admissions. They are merely some evidence, and they are not conclusive upon the admitter. *Harris County v. Hall*, 141 Tex. 388, 172 S.W.2d 691 (1943); *Texas Distiller's, Inc. v. Howell*, 409 S.W.2d 888 (Tex. Civ.App.–San Antonio 1966, writ ref'd n. r. e.). The weight to be given such admissions is decided by the trier of fact. These are to be distinguished from the true judicial admission which is a formal waiver of proof usually found in pleadings or the stipulations of the parties. A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it. *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 467 (Tex.1969); McCormick and Ray, Texas Law of Evidence § 1127 (2d ed. 1956).

■ However, as a matter of public policy, a party's testimonial quasi–admission will preclude recovery if it meets the requirements set out in *Griffin v. Superior*

*Insurance Co.*, 338 S.W.2d 415, 419 (Tex. 1960) and *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 229 (Tex.Civ. App.–San Antonio 1951, writ refused). The public policy underlying this rule is that it would be unjust to permit a party to recover after he has sworn himself out of court by clear, unequivocal testimony. *Carr, supra.* A quasi–admission will be treated as a judicial admission if it appears:

(1) That the declaration relied upon was made during the course of a judicial proceeding.  .  .  .

(2) That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony.  .  .  .

(3) *That the statement is deliberate, clear, and unequivocal. The hypothesis of mere mistake or slip of the tongue must be eliminated.*  .  .  .

(4) That the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based.

(5) That the statement is not also destructive of the opposing party's theory of recovery.

*Id.* at 229. (Emphasis added).

■ Petitioner Mendoza contends that his testimony consisted only of personal opinion, and therefore is excluded from the application of the rule set out in *Griffin* and *Carr, supra.* However, the fact that an admission is an opinion or conclusion, does not prevent its use for impeachment or as substantive evidence on a material issue. *Commercial Standard Insurance Co. v. Barron*, 495 S.W.2d 276 (Tex.Civ.App.–Tyler 1973, writ ref'd n. r. e.); *Snyder v. Schill*, 388 S.W.2d 208 (Tex.Civ.App.–Houston 1964, writ ref'd n. r. e.); *Taylor v. Owen*, 290 S.W.2d 771 (Tex.Civ.App.–San Antonio 1956, writ ref'd n. r. e.); 2 C. McCormick & Ray, Texas Evidence § 1126 (2d ed. 1956). This is especially true if, unlike this case, the statement relates to facts peculiarly within the declarant's own knowledge. *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 466 (Tex.1969).

Here the court of civil appeals has correctly stated the requirements for a quasi–admission to be treated as a conclusive judicial admission. 588 S.W.2d at 615. However, we disagree with their conclusion that Mendoza's testimony met those requirements. We are of the opinion that Mendoza's opinion testimony was not so clear and unequivocal as to come under the rule announced in *Carr*, and that the possibility of a mistake has not been eliminated.

The issue of whether a claimant's physical condition is such that he is totally incapacitated due to an injury is a fact question. It calls for the expression of an opinion concerning the claimant's physical condition and does not involve a conclusion as to the legal effect of the physical condition. Usually medical experts are called to offer opinion testimony concerning the nature of the injury, whether it is temporary or permanent, and the extent of disability or incapacity resulting from the injury. *Federal Underwriters Exchange v. Cost*, 132 Tex. 299, 123 S.W.2d 332, 335 (1938). The opinions of medical experts on such matters are based upon training and experience, and involve a prognosis of the claimant's physical condition. By contrast, the testimony of a lay witness on such matters can only be based on his observation of physical facts such as the presence of pain or limitation of movement. There are certain medical areas in which the average lay person would not possess sufficient knowledge to form an opinion which would be of any aid to the jury. *Scott v. Liberty Mutual Insurance Co.*, 204 S.W.2d 16 (Tex.Civ.App.–Austin 1947, writ ref'd n. r. e.). An opinion that would conclusively admit that a back injury has resulted in a total temporary, total permanent, or merely partial inability to work requires medical knowledge beyond that of the average lay person. Also, the testimony of Mendoza does not exclude the possibility that his opinion was mistaken in that it may have comprehended factors other than his physical condition such as his ability to obtain employment as a manual laborer or the availability of jobs in his community. Therefore Mendoza's testimony that his physical condition was such that he was totally unable to work prior to November 30, 1976 was not deliberate, clear and unequivocal, so as to preclude his recovery by a judicial admission.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.