**Memorandum Opinion of October 28, 2021 Withdrawn; Affirmed and Substitute Memorandum Opinion filed February 8, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00759-CV

### KENNETH JASEK, Appellant

### V.

### TEXAS FARM BUREAU UNDERWRITERS, Appellee

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1092419**

### SUBSTITUTE MEMORANDUM OPINION

Appellant's motion for rehearing is granted. After consideration of the issues raised on rehearing, we deny the requested relief. We withdraw our opinion of October 28, 2021 and issue this substitute opinion.[1]

May a plaintiff prevail on common-law fraud and statutory causes of action

---

[1] We issue this substitute opinion to clarify the discussion of the lack of evidence of a misrepresentation or disclosure made by Texas Farm Bureau to Jasek in Section II.C.

against the seller of a tractor when the plaintiff purchased the tractor from an online auction and the seller did not write or create the listing on which the plaintiff relied? We conclude the answer is no.

Appellant Kenneth Jasek challenges the trial court's judgment notwithstanding the verdict ("JNOV") in favor of appellee, Texas Farm Bureau Underwriters (Texas Farm Bureau), on Jasek's claims of fraud and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA). *See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63. In two issues, Jasek argues that the trial court erred in rendering a JNOV. We affirm.

## I.    BACKGROUND

In April 2015, Jasek purchased a tractor from an online auction website, SalvageSale.com. The online auction contained the following description of the tractor and its condition:

> On December 5, 2013, this unit was damaged when the operator hit a stump. This unit will not start, run or operate in its current condition. No work has been done to the unit. Damage includes but is not limited to: undercarriage, housing, clutch, flywheel and driveshaft. Please refer to the attached photos and bid accordingly.
>
> . . . .
>
> This listing is sold AS IS WHERE IS with all faults and no warranties expressed or implied.

The listing also contained sixteen photographs of the tractor. No inspection was allowed before the online auction. However, the listing provided that at the time of removal "if the item differs significantly from how it was represented in the lot description, the Buyer must contact Customer Care prior to removing." Jasek was the highest bidder for the tractor. However, Jasek never inspected the tractor. He arranged for a third party to pick up the tractor and deliver it to a repair shop,

2

which identified a large hole in the clutch housing that had not been depicted in the listing photographs.

In April 2017, Jasek filed suit against Texas Farm Bureau, the seller of the tractor. Testimony from Texas Farm Bureau's employee claims adjuster revealed that due to damage from hitting a stump, the tractor was considered a total loss. Texas Farm Bureau paid the insured fair market value for the tractor. To recoup any value in the tractor, the adjuster was directed to sell the tractor through a SalvageSale auction. The adjuster had never used SalvageSale, but sent SalvageSale a "Loss Assignment Sheet," the photographs from his claim file, and the repair estimate provided by the prior owner. The Loss Assignment Sheet provided the following information to SalvageSale:

**Cause of loss and extent of damage (please elaborate):** hit a stump causing damage to undercarriage. Damage is to housing, clutch, flywheel, and drive shaft.

**Interested Local Buyers (if any):**

**Additional needs, expectations, deadlines, etc.:** Our insured would prefer the salvage sale as soon as possible. He will needed to be contacted before pick up. I have attached the photos, bill of sale, and repair estimate.

SalvageSale then created the online listing, scheduled an auction, and forwarded the proceeds from the sale to Texas Farm Bureau. SalvageSale was never included as a party to this proceeding, nor was it designated as a responsible third party.

Following a one-day jury trial in May 2019, Jasek's claims of fraud, fraud by nondisclosure, and failure to disclose pursuant to the DTPA were submitted to the jury. The jury returned a verdict in favor of Jasek on all his claims. Texas Farm Bureau then filed a motion for JNOV, arguing Jasek's claims (1) failed as a matter of law and (2) failed because the evidence did not support the jury's findings in Jasek's favor. The trial court granted the motion, rendered a take-nothing judgment

in favor of Texas Farm Bureau, and awarded Texas Farm Bureau recoverable court costs as the prevailing party. Jasek timely appealed.

## II.  ANALYSIS

Jasek presents two issues on appeal. In issue 1, he argues that the trial court erred in rendering JNOV because sufficient evidence supported the jury's verdict. Further, Jasek argues that the legal arguments advanced by Texas Farm Bureau in its motion for JNOV negating justifiable reliance and duty to disclose were not meritorious. In issue 2, he argues that the trial court erred in rendering JNOV on the basis that Jasek had the right to inspect the tractor after his purchase and failed to do so.

## A.  Standard of Review

"[U]pon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence." Tex. R. Civ. P. 301.

We review a JNOV under a no-evidence standard, crediting evidence favoring the jury verdict if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005)). We may affirm the JNOV only if there is no evidence to support the jury's verdict or if the evidence establishes a contrary answer as a matter of law. *Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We must uphold the jury's verdict if more than a scintilla of competent evidence supports it. *Tanner*, 289 S.W.3d at 830. Ultimately, the test is whether the evidence presented at trial

4

was sufficient for reasonable and fair-minded people to reach the verdict. *Id.* Finally, because the trial court did not state the grounds on which it granted the JNOV, Jasek must refute each of the arguments made in the motion for JNOV. *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991); *see also Guaranty Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (holding that trial court's judgment must be upheld on any correct legal theory before it, even if court stated incorrect reason for judgment).

Texas Farm Bureau put forward several theories in its motion supporting its request for JNOV. Relying primarily on "as is where is language," Texas Farm Bureau first argued that all Jasek's claims failed as a matter of law because Jasek did not establish justifiable reliance or causation on any representation by Texas Farm Bureau as a matter of law. Texas Farm Bureau also argued that Jasek's fraud claims were negated as a matter of law because it did not have a duty to disclose additional information as a matter of law. Additionally, Texas Farm Bureau challenged the legal sufficiency of the evidence supporting the jury verdict and specifically identified there was (1) no evidence supporting the jury's finding of an affirmative misrepresentation, (2) no evidence Texas Farm Bureau failed to disclose a material fact that it had a duty to disclose, and (3) no evidence Texas Farm Bureau knowingly engaged in any fraudulent or deceptive conduct.

Because it is dispositive of Jasek's issues on appeal, we begin with Texas Farm Bureau's argument that the verdict was not supported by legally-sufficient evidence.

**B.    Applicable law**

**1.    Fraud claims**

Jasek alleged, and the jury considered, fraud by nondisclosure as well as

fraud by misrepresentation.[2] To prevail on a common-law fraud claim, a plaintiff must prove that "(1) the defendant made a false, material representation; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;' (3) 'the defendant intended to induce the plaintiff to act upon the representation;' and (4) the plaintiff justifiably relied on the representation, which caused the plaintiff injury." *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019) (quoting *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018)); *see also Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983). The fourth element has two requirements: the plaintiff must show (1) it actually relied on the defendant's representation and (2) such reliance was justifiable. *Orca Assets*, 546 S.W.3d at 653.

Fraud by omission or nondisclosure is simply a subcategory of fraud because the omission or nondisclosure may be as misleading as a positive misrepresentation of fact when a party has a duty to disclose. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To establish fraud by nondisclosure, the plaintiff must show: (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the nondisclosure, which resulted in injury. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219–20 (Tex. 2019); *see Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex.

---

[2] In its motion for JNOV, Texas Farm Bureau argues that the jury should not have received a charge reciting the elements of an affirmative material misrepresentation. Counsel for Texas Farm Bureau did object to the charge overall arguing that "there is no evidence of misrepresentation." However, we need not address this issue in light of our determination of Jasek's issue 1. Tex. R. App. P. 47.1

2001) (explaining there must be duty to disclose).

## 2. DTPA claim

"False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." Tex. Bus. & Com. Code Ann. § 17.46. To prevail on a claim for failure to disclose under the DTPA, as the jury was charged with determining here, Jasek must prove (1) the defendant knew information regarding the goods or services, (2) the information was not disclosed, (3) there was an intent to induce the consumer to enter into the transaction through the failure to disclose, and (4) the consumer would not have entered into the transaction had the information been disclosed. Tex. Bus. & Com. Code Ann. § 17.46(b)(24); *see Patterson v. McMickle*, 191 S.W.3d 819, 827 (Tex. App.—Fort Worth 2006, no pet.); *Red Roof Inns, Inc. v. Jolly*, No. 14-10-00344-CV, 2011 WL 6288147, at *7 (Tex. App.—Houston [14th Dist.] Dec. 15, 2011, no pet.). Mere nondisclosure of material information is not enough to establish an actionable DTPA claim. *See* Tex. Bus. & Com. Code Ann. § 17.46(b)(24).

Any false, misleading, or deceptive act must also be relied upon by the consumer. Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(B). However, in contrast to a fraud cause of action, the DTPA does not require proof of justifiable reliance; rather, the DTPA simply requires that the consumer's detrimental reliance. *See id.*

## C. There was no evidence of any misrepresentation or disclosure made by Texas Farm Bureau to Jasek

The crux of Jasek's claims is his allegation that partial and misleading disclosures were made to him during his purchase of the tractor. A fundamental question that must be resolved in this appeal is who made disclosures to Jasek. Texas Farm Bureau argued Jasek did not establish a failure to disclose material information with the intention to induce Jasek into a transaction he otherwise

would not have entered had the information had been disclosed. Explaining that its claims adjuster had provided all material information in its possession to SalvageSale and had no direct communications with Jasek (or any potential buyer), Texas Farm Bureau maintains that Jasek did not meet his burden to show that any conduct on its part caused Jasek's injuries.

Jasek describes the case as one of classic "internet seller fraud." He argues that Texas Farm Bureau should not be able to avoid its obligations to disclose information by "foist[ing] responsibility" onto SalvageSale. He also points out that the online listing stated that "[a]ll information included in this lot description was provided by the Seller. [SalvageSale] makes no representations or warranties as to the completeness or accuracy of the information." Jasek also cites to testimony from a Texas Farm Bureau employee stating that Texas Farm Bureau was the seller of the tractor.[3]

Though Jasek's frustration is evident and understandable, the evidence at trial did not establish Jasek's common-law fraud and statutory claims against Texas Farm Bureau. First, Jasek did not establish that Texas Farm Bureau wrote or created the online listing for the tractor on which he relied to his detriment. The evidence at trial reflected that Texas Farm Bureau's adjuster filled out a SalvageSale form entitled "Loss Assignment Sheet." The adjuster then emailed that sheet along with the photos he had taken of the tractor and the repair estimate to SalvageSale. There was no direct evidence introduced at trial explaining who

---

[3] This statement by a Texas Farm Bureau employee is at best a quasi-admission. *Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Quasi-admissions are "merely some evidence, and they are not conclusive upon the admitter." *Id*. Jasek does not argue on appeal that this statement was a judicial admission, nor does he attempt to establish the requirements for treating a quasi-admission as a judicial admission. *See id*. Regardless, some evidence that Texas Farm Bureau was the seller of the tractor is not evidence that Texas Farm Bureau prepared the listing or made a disclosure or representation to Jasek.

wrote the listing and no evidence supporting a finding that Texas Farm Bureau prepared the text of the listing. The fact there was evidence at trial that Texas Farm Bureau was the "seller" of the tractor was not evidence that Texas Farm Bureau prepared the listing or made a disclosure or representation to Jasek.

Second, the record provides no indication of the relationship between Texas Farm Bureau and SalvageSale such that the factfinder could determine that SalvageSale was acting as the agent of Texas Farm Bureau. Though neither party developed the issue, SalvageSale was described by a Texas Farm Bureau employee, in general, as a "vendor" or a "compan[y] to handle the salvage." There was also no contract between the two companies introduced into evidence. Without such a connection in evidence, we cannot attribute disclosures or representations on SalvageSale's website to Texas Farm Bureau.

The only communication or disclosure made by Texas Farm Bureau in connection with the sale of the tractor was in the "Loss Assignment Sheet." There is no evidence in the record that Jasek saw or relied on the "Loss Assignment Sheet." Rather, Jasek testified that he saw and relied on the SalvageSale listing. Though the SalvageSale listing included a disclaimer that all the information in the listing was provided by the Seller, this fact did not automatically transform the SalvageSale listing to a communication or representation from Texas Farm Bureau without more. Despite receiving the repair estimate, SalvageSale did not incorporate any information from the estimate into the listing though other information and statements were added to the listing that were not explicitly made by Texas Farm Bureau to SalvageSale, e.g., "This unit will not start, run or operate in its current condition" and "No work has been done to the unit." The language that Jasek specifically cited in his testimony describing his reliance on the photographs to depict damage to the tractor—"Please refer to the attached photos

9

and bid accordingly"—was not written by Texas Farm Bureau.[4] Though Texas Farm Bureau was the owner of the tractor, the evidence did not conclusively establish who was the "seller" of the tractor. The only evidence in the record reflects that the representations and disclosure complained of, and relied on, by Jasek were those of SalvageSale.

When evaluating whether the trial court erred, we look to whether Jasek was able to establish the elements of his causes of action. All of his causes of action require either a failure to disclose material information or a misrepresentation. *See* Tex. Bus. & Com. Code Ann. § 17.46(24); *Bombardier Aerospace*, 572 S.W.3d at 219; *Orca Assets G.P*, 546 S.W.3d at 653. Because Jasek did not establish that he relied on a representation from or failure to disclose by Texas Farm Bureau, he could not prevail on any of his causes of action. Therefore, we conclude that the trial court did not err in rendering JNOV. Having reached this conclusion, we need not address the parties' other arguments regarding justifiable reliance or the "as is where is" language in the online listing. Tex. R. App. P. 47.1.

We overrule issue 1.

## D.    Trial court stated no specific grounds for granting the motion for JNOV

In issue 2, Jasek argues that the trial court erred in rendering JNOV on the basis that Jasek had the right to inspect the tractor after purchase and failed to do so. However, this reasoning was not identified by the trial court in its final order, nor was it one of the grounds relied on by Texas Farm Bureau in its motion for JNOV.

"When the trial court states no reason why judgment n.o.v. was granted, and

---

[4] Testimony at trial revealed that the date of damage to the tractor identified in the listing was not only incorrect, but the Texas Farm Bureau adjuster had no idea where the date came from.

the motion for judgment n.o.v. presents multiple grounds upon which judgment n.o.v. should be granted, the appellant has the burden of showing that the judgment cannot be sustained on any of the grounds stated in the motion." *Sbrusch*, 818 S.W.2d at 394; *Garza v. Cantu*, 431 S.W.3d 96, 101 (Tex. App.—Houston [14th Dist.] 2013, pet denied). Because there is no indication that the trial court rendered JNOV on the basis that Jasek had the right to inspect the tractor after purchase and failed to do so, we overrule issue 2.

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal. Tex. R. App. P. 43.2(a).

/s/ Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

11