# NO. 12-23-00161-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUDY D. BROWN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW NO 3* |
| *OAKS RIVERCHASE APARTMENTS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Judy D. Brown, proceeding pro se, appeals the trial court's order dismissing her causes of action against Appellee Oaks Riverchase Apartments (ORA). In one issue, Brown argues that the trial court erred in dismissing her case. We reverse and remand.

## BACKGROUND

Brown moved out of her apartment unit at Oaks Riverchase Apartments in Coppell, Texas on September 24, 2022, after ORA declined to renew her lease. She relocated to Tyler, Texas at her own expense and, due to the greatly increased commute time, no longer could continue to work for her then-employer.

Brown filed the instant suit against ORA on March 3, 2023, in which she alleged ORA was liable to her, pursuant to Texas Property Code, Sections 92.024, 92.056, 92.0563, and 92.331. On June 13, the trial court conducted a pre-trial hearing, during which it considered the admissibility of the parties' trial exhibits.[1] During the hearing, the trial court indicated that the parties' written, signed lease would be admissible. Brown sought to discuss a copy of the lease, which she claimed was invalid because it was "created" at a later date. She further objected to

---

[1] Because the exhibits under consideration were not marked, it is difficult, at times, for this court to determine which exhibits were excluded or admitted.

the admission of the signed lease, which she claimed was "damaged" or "destroyed" because of "holes punched" in the document, which partially obscured a bar code on it and, further, which was invalid because it was not delivered to her within three days of signing pursuant to Section 92.024 of the property code. The trial court noted that Brown lived at ORA for approximately five years, and the parties' acknowledged that she timely paid her rent. As the proceedings continued, the trial court made efforts to direct and instruct Brown regarding what evidence was admissible and what matters she could present to the jury, but Brown continued to return to the issue of the lease's validity, the suggestion that ORA engaged in fraud by its subsequent "creation" of an unsigned copy of the lease and it's "hole-punching" the document so as to obscure its bar code. She later returned to the subject of ORA's alleged violation of Section 92.024, at which point, the following exchange occurred:

MS. BROWN: And I can't bring in the Code that I didn't get a copy of the lease within three days?

THE COURT: No.

MS. BROWN: You bring that in?

THE COURT: No.

MS. BROWN: But it's a law.

THE COURT: And there are no damages attached to that law.

MS. BROWN: Well, it's not damages attacked [sic] to it, but it's not a valid lease. If you don't get the lease within three days, the lease is invalid for anything but to collect rent.

THE COURT: All right.

MS. BROWN: So if the valid -- if the lease isn't valid, they had no right to terminate, to tell me we're not going to renew your lease.

THE COURT: Okay. I'll tell you what, if your position is the lease isn't valid, this case is dismissed. Okay?

So right now the case is dismissed. All right. And you can take this and you can go appeal it.

MS. BROWN: So I can't present this to the jury?

THE COURT: No.

MS. BROWN: So I have to file a new case?

THE COURT: No -- well, no, you have to appeal this case.

MS. BROWN: And how do I appeal that?

2

THE COURT: I don't know. You go talk to a lawyer.

MS. BROWN: Your Honor, that doesn't seem right that they can -- they can do what they want and create what they want and hurt the little person, that's me.

THE COURT: I understand that's what your position is. But what you just told me on the record is you don't believe there's a lease. I've dismissed the case. You can go appeal it.

This appeal followed.

## PRETRIAL DISMISSAL OF CAUSES OF ACTION

In her sole issue, Brown argues that the trial court erred in dismissing her causes of action.[2] The purpose of Rule 166 is "to assist in the disposition of the case without undue expense or burden to the parties." TEX. R. CIV. P. 166; *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 322 (Tex. App.–Houston [14th Dist.] 2003, pet. denied). The trial court's authority in a pretrial conference is limited to deciding legal, not factual, issues. *Walden*, 97 S.W.3d at 322. Dismissal at a Rule 166, pretrial conference is allowed in limited situations when determination of a legal question is dispositive of a case in its entirety. *See Stamatis v. Methodist Willowbrook Hosp.*, No. 14-14-00492-CV, 2015 WL 3485734, at *4 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (mem. op.).

### Standard of Review

Because Brown's sole issue concerns whether the trial court improperly disposed of claims or issues which should have gone to the jury, we review by the same standard used in reviewing a directed verdict. *See Walden*, 97 S.W.3d at 324. A trial court may direct a verdict when the evidence conclusively proves that the movant is entitled to judgment as a matter of law. *See Gomer v. Davis*, 419 S.W.3d 470, 475 (Tex. App.–Houston [1st Dist.] 2013, no pet.). A directed verdict is appropriate when reasonable minds can draw only one conclusion from the evidence. *Id.* In reviewing the granting of a directed verdict, we follow the standard of review for assessing the legal sufficiency of the evidence. *Id.* We can consider any reason why the directed verdict should have been granted. *See id.* at 476.

---

[2] Brown raises a host of arguments in support of her issue concerning the trial court's exclusion of "critical evidence" and its failure properly to consider her presentation of her causes of action. Having considered Brown's arguments and having construed them liberally in the interest of justice, we consolidate the arguments in a single issue concerning the propriety of the trial court's dismissal of Brown's suit based on the trial court's stated reason in its order that dismissal was based on Brown's "assertion that there was no lease agreement" between the parties. *See* TEX. R. APP. P. 38.1(f), 38.9; *see also Vaughn v. United Parcel Serv. of Am., Inc.*, No. 12-10-00272-CV, 2012 WL 2133594, at *1 n.1 (Tex. App.–Tyler June 13, 2012, no pet.) (mem. op.).

3

## Effect of Brown's Assertion that Lease is Invalid

The trial court's order sets forth that its decision to dismiss is based on Brown's assertion that the lease between the parties is invalid. ORA posits that the trial court considered the assertion to be a judicial admission and dismissed Brown's causes of action on that basis.[3]

A judicial admission is an assertion of fact, usually found in pleadings or stipulations of the parties, that acts as a formal waiver of proof. *Burns v. Burns*, 434 S.W.3d 223, 228 (Tex. App.–Houston [1st Dist.] 2014, no pet.) (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). A party's testimonial declarations, which are contrary to her position, generally are admissions, but they are not outcome-determinative judicial admissions. *See Burns*, 434 S.W.3d at 228. Testimonial admissions are not entirely conclusive upon the admitter; rather, a factfinder may consider their evidentiary weight in light of other evidence. *Id.* Courts treat a testimonial admission as a judicial admission, however, if it appears that: (1) the testimony relied upon was made during the course of a judicial proceeding; (2) the testimony is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving it; (3) the testimony is deliberate, clear, and unequivocal, and not merely a mistake or slip of the tongue; (4) giving the testimony conclusive effect would be consistent with the public policy that it would be unjust to allow a party to recover after she has sworn herself out of court; and (5) the testimony is not also destructive of the opposing party's theory of recovery. *Id.* A statement that constitutes a legal assertion or conclusion based on stated facts rather than a statement of fact is not a judicial admission. *See French v. Gill*, 252 S.W.3d 748, 755 (Tex. App.–Texarkana 2008, pet. denied).

In the instant case, Brown's statement, assuming it was testimonial, which formed the basis of the trial court's order of dismissal is that the lease between her and ORA is invalid. Whether a particular agreement constitutes a valid contract, that is, whether an agreement is legally enforceable or binding, generally is a question of law. *See Cleveland Reg'l Med. Ctr., L.P. v. Celtic Properties, L.C.*, 323 S.W.3d 322, 333 (Tex. App.–Beaumont 2010, pet. denied); *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 368 (Tex. App.–San Antonio 2004, no

---

[3] ORA suggests that the trial court's dismissal should be evaluated under an abuse of discretion standard of review. In support of this contention, it cites *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) and *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991), neither of which involves a pretrial dismissal of a claim under Texas Rule of Civil Procedure 166. ORA also objects generally to Brown's pro se brief as being vague, disjointed, and unclear, which it asserts makes a proper response impossible. And thus, ORA declines to offer any briefing in support of why the trial court's dismissal on the ground in its order was appropriate.

pet.). Thus, Brown's general statement that the contract is invalid amounted to the assertion of a legal conclusion, which is not a judicial admission. *See French*, 252 S.W.3d at 755. Moreover, prior to Brown's assertion, the trial court previously authorized the admissibility of a signed, written lease between the parties. *See Henry C. Beck Co. v. Arcrete, Inc.*, 515 S.W.2d 712, 716 (Tex. Civ. App.–Dallas 1974, writ dism'd) (when undisputed documentary evidence shows that parties intended to be bound and there is no contrary, legally-sufficient evidence, existence of contract is question of law). Lastly, Brown's assertion that the lease was invalid was made in conjunction with her request to present the language of Section 92.024 to the jury. That section sets forth that a landlord's failure to provide a complete copy of the lease within three business days after the date it is signed by the parties does <u>not</u> invalidate the lease. *See* TEX. PROP. CODE ANN. § 92.024(a), (c) (West 2023) (emphasis added). Thus, the statement comprising the sole, stated reason for the trial court's dismissal of Brown's claim not only was a statement of law but an incorrect one at that. *See id.*

But even if Brown's assertion was such that it amounted to a judicial admission that the lease was invalid, the trial court nonetheless erred in dismissing her causes of action on that basis. Section 92.056 sets forth a landlord's liability and a tenant's remedies, as well as notice requirements and time for repair. *See id.* § 92.056 (West 2023). Section 92.0563 sets forth a tenant's judicial remedies. *See id.* § 92.0563 (West Supp. 2023). A tenant's remedies under Texas Property Code, Chapter 92, subchapter B, which includes Sections 92.056 and 92.0563, are conditioned on the existence of a duty under Section 92.052. *See Philadelphia Indem. Ins. v. White*, 490 S.W.3d 468, 484 (Tex. 2016).[4] In addition to setting forth certain duties a landlord owes to a tenant, Section 92.052 addresses the form of notice the tenant is required to give the landlord with regard to conditions allegedly requiring repair. *See* TEX. PROP. CODE ANN. §§ 92.052(a), (d) (West 2023). Section 92.052(d) expressly contemplates the difference in notice required when there is a written lease between the parties versus when there is not. *See id.* § 92.052(d).

Here, despite only one signed lease's being authorized for admission during the hearing, ORA's counsel suggested that the parties were bound by a lease agreement during the relevant

---

[4] *See also* TEX. PROP. CODE ANN. § 92.331 (West 2023) (providing that landlord may not retaliate against tenant because tenant gives landlord notice to repair or exercises remedy under Chapter 92).

timeframe,[5] which it declined to renew at the expiration of the lease's term in late 2022. But even assuming arguendo that no signed lease existed during that time, the parties agreed at the hearing that Brown timely paid her rent. Thus, to the extent any lease potentially expired, Brown remained a paying tenant on a month-to-month basis during the relevant time period according to the automatic renewal terms of the lease as set forth in Section 3. Thus, under these facts, Brown did not have to demonstrate the existence of a written lease throughout her tenancy in order to pursue relief for alleged violations of ORA's duties under Section 92.052.

In sum, Brown's assertion that the lease was invalid was a conclusion of law, which does not amount to a judicial admission. *See French*, 252 S.W.3d at 755. The legal conclusion she asserted with regard to the lease's invalidity made pursuant to Section 92.024 was incorrect. *See* TEX. PROP. CODE ANN. § 92.024(a), (c). And even assuming the parties were not operating under a written lease during the relevant timeframe, the record reflects that the parties' agreed that Brown was a paying tenant. Thus, the absence of a written lease is not an impediment to her ability to seek relief for ORA's alleged violations of its duties to her under Section 92.052. *See id.* § 92.052(d). Therefore, because the testimony, if any, before the trial court did not conclusively enable it to determine that a legal question before it is dispositive of Brown's case in its entirety, we hold that the trial court erred in dismissing Brown's suit under Rule 166. Brown's sole issue is sustained.

## DISPOSITION

Having sustained Brown's sole issue, we *reverse* the trial court's order dismissing her suit with prejudice and *remand* the cause for further proceedings consistent with the opinion of this court.

GREG NEELEY
Justice

Opinion delivered February 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[5] The clerk's record includes Brown's motion for new trial, to which is attached signed leases covering the relevant timeframe.

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 22, 2024**

**NO. 12-23-00161-CV**

**JUDY D. BROWN,**
Appellant
V.
**OAKS RIVERCHASE APARTMENTS,**
Appellee

---

Appeal from the County Court at Law No 3

of Smith County, Texas (Tr.Ct.No. 75138-B)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the trial court's order dismissing her suit with prejudice be **reversed** and the cause **remanded** to the trial court **for further proceedings;** and that all costs of this appeal are hereby adjudged against the appellee, **OAKS RIVERCHASE APARTMENTS** for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*