**REVERSE and RENDER and Opinion Filed May 20, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

___

### No. 05-23-00628-CV
___

**SAMAR AIJAZ, Appellant**
**V.**
**MATTHEW ARELLANO, Appellee**

___

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-03305-2022**

___

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

The trial court signed an order granting appellee Matthew Arellano a permanent injunction prohibiting appellant Samar Aijaz from appearing at two specific locations in Allen and Dallas. In a single issue, Aijaz contends the trial court erred by granting the injunction. Because Arellano did not establish his right to injunctive relief, we reverse the trial court's order. We render judgment that Arellano take nothing on his claim for injunctive relief.

BACKGROUND

The parties dated for about a year before Arellano filed an "Original Petition to Enjoin Harassing Behavior and Application for Temporary Restraining Order and Temporary Injunction" against Aijaz. Arellano alleged that Aijaz "has caused psychological harm on multiple occasions by indicating that she would take her own life if she does not get her way." He alleged that Aijaz had committed "criminal trespassing" by arriving uninvited at his parents' home and refusing to leave "until she was escorted by Collin County Sheriff." He also alleged that Aijaz "has made it clear that she intends to defame my character unless I agree to meet her demands." He attached copies of texts and emails he had received from Aijaz in support of his request.

The trial court granted an ex parte temporary restraining order against Aijaz on June 30, 2022, and set the matter for a subsequent hearing on Arellano's request for a temporary injunction. The trial court's order restricted Aijaz's communications with Arellano and ordered Aijaz "[t]o not show up" at either Arellano's parents' home or at Arellano's workplace at Dallas City Hall.[1]

The appellate record includes reporter's records from brief hearings on July 21, 2022, September 20, 2022, and March 29, 2023, at which counsel for both parties

---

[1] At a subsequent hearing, the court was informed that Arellano was a chemical engineer with the City of Dallas Water Department.

appeared. Aijaz appeared at the first of these hearings. Arellano did not appear or testify at any of the hearings.

At the July 21, 2022 hearing, Aijaz's counsel stated her opposition to the injunction. Arellano's counsel stated his intent to offer evidence, through cross-examination of Aijaz, that supported the request for injunctive relief. Before counsel could do so, however, the trial court briefly questioned Aijaz and then made a finding that Aijaz agreed to the injunction. The trial court asked Aijaz whether she "typically get[s] involved with the people at the water department" or "hang[s] out at the water department." Aijaz responded that she did not. The trial court then asked, "what's the problem of telling you not to do that?" Aijaz said she did not "have a problem" with an order prohibiting her from "seeking out Matthew Arellano or anyone associated with his line of work at 1500 Marilla Street," and responded "I agree" to the court's statement that an order enjoining her from "just showing up at" Arellano's parents' home was "was a pretty dang good idea." The court stated, "Then we agree." When Aijaz began to respond, however, the court concluded, "I've got it. Quit talking. Sign it up. I think we're done." No evidence was presented at either of the two subsequent hearings.[2]

---

[2] The September 20, 2022 hearing lasted less than ten minutes and appears to have addressed matters not included in our appellate record. The March 29, 2023 hearing was on Arellano's motion to enter the "Order to Enjoin Harassing Behavior" at issue in this appeal. The records do not reflect that either Aijaz or Arellano were present at these hearings.

Aijaz appeals from the trial court's March 29, 2023, "Order to Enjoin Harassing Behavior" that provides:

> IT IS ORDERED that Samar Aijaz and Samar Aijaz's agents, servants, employees, attorneys (except process servers or others for court notices) and those persons in active concert or participation with Samar Aijaz who receive actual notice of this order by personal service or otherwise are permanently enjoined from:
>
> 1.) Appearing at the residence of Matthew Arellano's parents, located at [address]; or
>
> 2.) Appearing at the residence or place of work of Matthew Arellano, the Dallas Water Utilities, 1500 Marilla Street, Room 2A South, Dallas, Texas 75201, with the intention of seeking out Matthew Arellano or anyone associated with his line of work.

Although the order recites that each party "agreed to the terms of this Order," neither party's attorney signed the order in the space provided for their approval. Further, Aijaz filed a motion to reconsider and requested findings of fact and conclusions of law. In her motion, Aijaz argued that Arellano did not present any evidence and that he no longer worked or lived at the places listed in the injunction. She also argued that she did not agree to the injunction. Aijaz gave notice on May 26, 2023, that findings and conclusions were past due. The docket sheet reflects that the trial court denied the motion to reconsider, but did not file any findings or conclusions.

This appeal followed. In one issue, Aijaz contends the trial court erred by granting the injunction.

## DISCUSSION

Aijaz argues that Arellano did not meet his burden of proof and she did not agree to the injunction. She contends that Arellano did not prove any of the elements required to obtain an injunction because he did not present any evidence at trial. She also argues that although she "answered affirmatively to certain questions" from the trial court, she "did not agree to any specific, material terms of the injunction." She further contends that the locations in the injunction were no longer relevant at the time the injunction was signed.

The grant of a permanent injunction is ordinarily within the sound discretion of the trial court. *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 536–37 (Tex. App.—Dallas 2020, pet. denied). On appeal, our review is limited to the question whether the trial court's action constituted a clear abuse of discretion. *Id.* at 537. A court abuses its discretion if it acts "without reference to any guiding rules and principles" or if "the act was arbitrary or unreasonable." *Id.* (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Arellano bore the burden of proving his right to injunctive relief. To be entitled to a permanent injunction, a party must prove (1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020); *Sandberg*, 600 S.W.3d at 536–37.

Arellano did not make the required showings because he did not offer any evidence. The materials he attached to his petition were not admitted into evidence and he did not testify.

The trial court, however, concluded that Aijaz agreed to the relief requested. We disagree. The trial court did not obtain Aijaz's agreement to each of the injunction's material terms. The court asked Aijaz "[w]hat's wrong with" ordering her not to appear at Arellano's place of work, and whether she had "a problem with that," after she attempted to explain something about going to the City's "ethics department." Aijaz also agreed it would be a "good idea" not to "just show[ ] up" at Arellano's parents' home. But the trial court cut her off from further explanation.

Even if the trial court had permitted Aijaz to finish her responses, her testimony about what conduct might be a "good idea" was neither evidence that injunctive relief was warranted nor her agreement to the terms of a permanent injunction. Nor was it a judicial admission. *See Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980) (a "true judicial admission" is a "formal waiver of proof usually found in pleadings or the stipulations of the parties"). Aijaz made no formal waiver of proof. At most, her statements were "quasi admissions" that were "merely some evidence," and were not conclusive. *Id.* Although the trial court decides the weight to be given to this evidence, *see id.*, we conclude that the trial court abused its discretion by granting permanent injunctive

relief based on the statements, especially where Arellano offered no evidence to support his allegations about Aijaz's conduct.

Because Arellano did not offer any evidence to support his request for an injunction, and because Aijaz did not agree to the injunctive relief granted by the trial court, we reverse the trial court's order.

## CONCLUSION

We reverse the trial court's March 29, 2023 "Order to Enjoin Harassing Behavior" and render judgment that Arellano take nothing on his claim for injunctive relief.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230628F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMAR AIJAZ, Appellant

No. 05-23-00628-CV      V.

MATTHEW ARELLANO, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-03305-2022.

Opinion delivered by Justice Breedlove. Justices Smith and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellee Matthew Arellano take nothing on his claim for injunctive relief.

It is **ORDERED** that appellant Samar Aijaz recover her costs of this appeal from appellee Matthew Arellano.

Judgment entered May 20, 2024