# NO. 12-24-00029-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GENE D. BARNES,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 124TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *TIMOTHY NOEL PHILLIPS,*<br>*APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gene D. Barnes appeals the dismissal of his suit against Timothy Noel Phillips for failure to state a viable cause of action. In one issue, Barnes argues that the trial court abused its discretion in dismissing his suit. We affirm.

## BACKGROUND

This case arises from a decades-old dispute between neighboring property owners in White Oak, Gregg County, Texas. Barnes, proceeding pro se, filed the instant suit in 2022, against Phillips, in which he alleged that Phillips engaged in harassment because he, "in an unprovoked way, willfully [and] wantonly, regardless of the rule of law[,] destroyed property, trespassed, filed many frivolous police reports, [and] threatened [and] intimidated" Barnes and his family. Barnes further alleged that Phillips's conduct caused him to suffer "mentally, physically, emotionally, [and] monetarily[.]" As a result, Barnes sought compensatory and punitive damages.

In January 2024, Phillips moved to dismiss Barnes's suit for failure to state a viable cause of action.[1]  The trial court conducted a pretrial hearing on the matter.  There, Barnes admitted that he was not a member of a protected class which could bring a cause of action amounting to civil harassment.  Instead, he made clear to the trial court that his harassment cause of action arose from the Texas Penal Code.  Ultimately, the trial court found, on the record, that Barnes's harassment claim was not justiciable and signed an order dismissing Barnes's cause of action with prejudice.  This appeal followed.

## PRETRIAL DISMISSAL OF CAUSES OF ACTION

In his sole issue, Barnes argues that the trial court erred in rendering a pretrial dismissal of his harassment cause of action.[2]

### Applicable Law and Standard of Review

The purpose of Texas Rule of Civil Procedure 166 is "to assist in the disposition of the case without undue expense or burden to the parties."  TEX. R. CIV. P. 166; *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 322 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).  The trial court's authority in a pretrial conference is limited to deciding legal, not factual, issues.  *Walden*, 97 S.W.3d at 322.  Dismissal pursuant to Rule 166(g) is allowed in limited situations when the determination of a legal question is dispositive of a case in its entirety.  *See Stamatis v. Methodist Willowbrook Hosp.*, No. 14-14-00492-CV, 2015 WL 3485734, at *4 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (mem. op.).

Because Barnes's sole issue concerns whether the trial court improperly disposed of claims or issues which allegedly should have gone to a factfinder, we review by the same standard used

---

[1] Phillips's motion does not set forth the rule of procedure on which he relies.  We presume it was brought pursuant to Texas Rule of Civil Procedure 166 since the pretrial hearing occurred shortly before the case was to be tried and a motion pursuant to Texas Rule of Civil Procedure 91a would have been untimely.  *Compare* Tex. R. Civ. P. 91a.3(a) *with* Tex. R. Civ. P. 166(g); *see also Stamatis v. Methodist Willowbrook Hosp.*, No. 14-14-00492-CV, 2015 WL 3485734, at *4 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (mem. op.) (although case called for trial and parties announced ready, court of appeals construed trial court's proceedings as pre-trial conference and analyzed dismissal pursuant to Rule 166).

[2] Barnes raises a host of arguments in support of his issue concerning the trial court's dismissal of his suit.  Having considered Barnes's arguments and having construed them liberally in the interest of justice, we consolidate the arguments in a single issue concerning the propriety of the trial court's dismissal of Barnes's suit based on the trial court's stated reason at the hearing that dismissal was warranted by Barnes's failure to raise a justiciable cause of action.  *See* TEX. R. APP. P. 38.1(f), 38.9; *see also Brown v. Oaks Riverchase Apartments*, No. 12-23-00161-CV, 2024 WL 739111, at *2 n.2 (Tex. App.–Tyler Feb. 22, 2024, no pet.) (mem. op.).

in reviewing a directed verdict. *See Walden*, 97 S.W.3d at 324. A trial court may direct a verdict when the evidence conclusively proves that the movant is entitled to judgment as a matter of law. *See Gomer v. Davis*, 419 S.W.3d 470, 475 (Tex. App.–Houston [1st Dist.] 2013, no pet.). A directed verdict is appropriate when reasonable minds can draw only one conclusion from the evidence. *Id.* In reviewing the granting of a directed verdict, we follow the standard of review for assessing the legal sufficiency of the evidence. *Id.* We can consider any reason why the directed verdict should have been granted. *See id.* at 476.

## Discussion

In the instant case, the trial court's decision to dismiss was based on its evaluation of Barnes's assertions that he was not a member of a protected class who could bring a civil-harassment claim and, instead, sought to bring his civil suit against Phillips based on harassment under the Texas Penal Code.

A judicial admission is an assertion of fact, usually found in pleadings or stipulations of the parties, that acts as a formal waiver of proof. *Burns v. Burns*, 434 S.W.3d 223, 228 (Tex. App.–Houston [1st Dist.] 2014, no pet.) (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). A party's testimonial declarations, which are contrary to his position, generally are admissions, but they are not outcome-determinative judicial admissions. *See Burns*, 434 S.W.3d at 228. Testimonial admissions are not absolutely conclusive upon the admitter; rather, a factfinder may consider their evidentiary weight in light of other evidence. *Id.* Courts treat a testimonial admission as a judicial admission, however, if it appears that: (1) the testimony relied upon was made during the course of a judicial proceeding; (2) the testimony is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving it; (3) the testimony is deliberate, clear, and unequivocal, and not merely a mistake or slip of the tongue; (4) giving the testimony conclusive effect would be consistent with the public policy that it would be unjust to allow a party to recover after he has sworn himself out of court; and (5) the testimony is not also destructive of the opposing party's theory of recovery. *Id.*

During the hearing on Phillips's motion to dismiss, Barnes sought to explain his cause of action to the court. It soon became apparent from Barnes's explanation that he sought to bring his harassment cause of action solely pursuant to a criminal statute. The trial court explained to him that while there possibly could be a cause of action for civil harassment, the plaintiff in such a case

3

must allege harassment on the basis of his being part of a protected class.[3]  The trial court gave examples of such a class, which it described as including "age, sex, physical disability, [or] something to that effect."  Barnes acknowledged that he had no case law to support a claim for "civil harassment."  He suggested that his father might fall under a protected class due to his age, but, as the trial court reminded Barnes, because he was acting pro se, he could not bring suit on his father's behalf.  *See* TEX. R. CIV. P. 7; ***Lorie Bernice Sharpe Tr. v. Phung***, 622 S.W.3d 929, 929 (Tex. App.–Austin 2021, no pet.) (Texas Rule of Civil Procedure 7 allows person to represent himself pro se only to litigate rights on his own behalf, not to litigate rights in representative capacity).  Ultimately, Barnes acquiesced to the fact that his allegations arose from Texas Penal Code, Section 42.07, which provides for a criminal cause of action as opposed to a civil one.  *See* TEX. PENAL CODE ANN. § 42.07 (West Supp. 2023).

Based on our review of the record, we conclude that Barnes's statements with regard to his cause of action's being based in criminal law rather than civil jurisprudence were (1) made during the course of a judicial proceeding; (2) are contrary to an essential fact embraced in the theory of recovery he asserted; (3) were made deliberately, clearly, and unequivocally, and were not merely a mistake or slip of the tongue; (4) and gave conclusive effect consistent with the public policy in the interest of justice as to Barnes's rights as a litigant.  *See **Burns***, 434 S.W.3d at 228.  Therefore, since Barnes's admissions conclusively prove that he has no viable, civil cause of action and, thus, Phillips, is entitled to judgment as a matter of law, we hold that the trial court did not err by dismissing Barnes's cause of action pursuant to Rule 166(g).  *See **Stamatis***, 2015 WL 3485734, at *4; ***Davis***, 419 S.W.3d at 475.  Barnes's sole issue is overruled.

## DISPOSITION

Having overruled Barnes's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] For example, claims such as sexual harassment commonly fall under the umbrella of discrimination claims. *See, e.g.*, TEX. LAB. CODE ANN. § 21.051 (West 2021); ***Mayfield v. Tarrant Reg'l Water Dist.***, 467 S.W.3d 706, 712 (Tex. App.–El Paso 2015, no pet.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00029-CV**

**GENE D. BARNES,**
Appellant
V.
**TIMOTHY NOEL PHILLIPS,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 2022-906-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **Gene D. Barnes** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*